Commonwealth *v.* Wade, Appellant.

Submitted December 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*J. Graham Andes*, Assistant Public Defender, and *John R. Merrick*, Public Defender, for appellant.

*Vincent M. Dadamo* and *Timothy H. Knauer*, Assistant District Attorneys, and *William H. Lamb*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 22, 1976;

Appellant contends that he is entitled to discharge because the Commonwealth failed to bring him to trial within the period required by Rule 1100, Pa.R.Crim.P.[1]

On October 3, 1973, appellant was arrested and charged with receiving stolen property.[2] The following day, appellant was brought before District Justice Robert G. Mull of Chester County for a preliminary arraignment. Appellant was not represented by counsel at that time, but indicated that he intended to retain Fred T. Cadmus, III, Esquire, to defend him. The District Justice did not fix a time for a preliminary hearing;[3] instead, he asked appellant to have Mr. Cadmus contact him in order to arrange a date for the preliminary hearing. During the next month, the District Justice was not contacted by either appellant or Mr. Cadmus. Finally, on November 7, 1973, the District Justice contacted Mr. Cadmus who advised him to "go ahead and set the hearing." As a result of that

---

1. In view of our disposition of the Rule 1100 claim, it is unnecessary to discuss the other assignments of error raised by appellant.

2. The Commonwealth, therefore, had 270 days in which to commence the trial. See Rule 1100(a)(1).

3. Rule 140(f)(1), Pa.R.Crim.P., provides: "(f) When a preliminary hearing is not waived, the issuing authority shall: (1) fix a day and hour for a preliminary hearing which shall not be less than three nor more than ten days after preliminary arraignment unless extended for cause shown, unless the issuing authority fixes an earlier date upon request of the defendant or his attorney with the consent of the complainant and the attorney for the Commonwealth..."

conversation, the District Justice scheduled the preliminary hearing for December 6, 1973.

According to the testimony of the District Justice, Mr. Cadmus requested that the preliminary hearing be continued until January 15, 1974, and subsequently requested a further continuance until February 1, 1974; both requests were granted. Trial was scheduled for September 11, 1974.[4] Prior to trial, however, appellant filed a motion to dismiss pursuant to Rule 1100(f). The lower court held an extensive hearing and denied the petition. Appellant was then tried and convicted. This appeal followed.

The complaint was filed on October 3, 1973, and the trial commenced on September 10, 1974. Thus, 341 days elapsed. The lower court concluded, however, that 72 of those days were chargeable to appellant. According to the lower court's calculations, therefore, trial was commenced on the 269th day of the period. The court's decision is based on three separate findings that appellant was responsible for some portion of the delay. If any of those findings are incorrect, appellant must be discharged.

First, the court held that 28 days of the period from December 6, 1973, to February 1, 1974, must be excluded. If the testimony of the District Justice is credited, this entire delay was occasioned by requests for continuances by appellant's attorney. Rule 1100(d)(2) provides that if the defendant or his attorney requests a continuance in excess of 30 days, the period beyond the thirtieth day shall be excluded. Thus, the court properly excluded 28 days from the period.

Second, the court held that appellant was tried on the homicide charge during the period, and that the trial consumed ten days. Rule 1100(d)(1) provides that any

---

4. The delay between the preliminary hearing and the trial was occasioned by appellant's arrest for murder on December 6, 1973, and trial on that charge from April 8 until April 17, 1974.

period in which the defendant or his attorney is unavailable shall be excluded. Thus, the court properly excluded this ten-day period.

Finally, and most importantly, the court held that "[t]he period from October 3rd through November 7th is excluded and not counted within the 270 days, those days being excluded *because of the unavailability of counsel for the defendant.*" (Emphasis added). This is the period between the preliminary arraignment and the date the initial preliminary hearing was scheduled by the District Justice. The lower court improperly charged this delay to appellant.

Rule 140(f)(1) does not permit a District Justice to shift the burden of moving litigation onto the defendant. The Rule provides that the issuing authority schedule a preliminary hearing no more than ten days after the preliminary arraignment, unless good cause is shown. In that event, the preliminary hearing may be scheduled for a date more than ten days after the preliminary arraignment. The Rule does not allow the issuing authority to set no date at all and then await a response from the defendant or his counsel before proceeding. The time provisions of Rule 140(f)(1) afford the defendant an opportunity to obtain counsel. In the instant case, the District Justice, while trying to accommodate appellant's constitutional right to the counsel of his choice, went far beyond the time necessary to accomplish that goal. Had the District Justice scheduled a hearing for October 14, Mr. Cadmus could not have been present because he was out of the country. Appellant, however, could have sought representation from one of Mr. Cadmus's associates or from the Public Defender's Office, or he could have requested a continuance pursuant to Rule 142.[5] The

---

5. As it turns out, Mr. Cadmus never represented appellant. At the preliminary hearing of February 1, 1974, appellant was represented by an associate of Mr. Cadmus. The Public Defender's Office was scheduled to represent appellant at trial, but he rejected

important point is that the District Justice had no idea whether Mr. Cadmus would be available or not. In effect he took judicial notice of Mr. Cadmus's busy schedule: "... I asked him at that time, knowing Mr. Cadmus' busy schedule, if he would have him get in touch with me, we would set up a preliminary hearing at his — knowing all the attorneys and problems we have — when his office was available, within a reasonable time, we would set a date of the preliminary hearing and I would notify Mr. Wade." Despite the absence of any response, the District Justice delayed over one month before contacting Mr. Cadmus directly to determine whether Mr. Cadmus would represent appellant. In fact, during their conversation of November 7, 1973, Mr. Cadmus informed the District Justice that he had not yet spoken to the appellant.

Under these circumstances, this one-month delay cannot be charged to the appellant under the theory that his counsel was unavailable. It was not appellant's duty to see that the course of criminal justice proceeded smoothly. To say that counsel was unavailable when counsel had no idea that his services might be necessary is unfair to appellant.

Judgment of sentence reversed and appellant discharged.

---

their services and requested that the court appoint a non-lawyer to represent him. After the court rejected that request, appellant represented himself.