375 A.2d 73

**COMMONWEALTH of Pennsylvania**

v.

**Marvin WANSLEY, Appellant.**

Superior Court of Pennsylvania.

Argued April 15, 1977.

Decided June 29, 1977.

John Woodcock, Jr., Assistant Public Defender, Hollidaysburg, for appellant.

Donald E. Speice, Assistant District Attorney, Hollidays-
burg, submitted a brief for appellee.

Before WATKINS, President Judge, and JACOBS,
HOFFMAN, CERCONE, PRICE and SPAETH, JJ.

JACOBS, Judge:

This is an appeal from the order of the lower court
denying appellant Martin Wansley's petition for a writ of
habeas corpus. For the reasons developed below, we re-
verse.

The pertinent facts of this case may be summarized as
follows: On May 28, 1976, appellant was arrested for certain
violations of The Controlled Substance, Drug, Device and
Cosmetic Act. He was arraigned on that date, and the
District Justice scheduled a preliminary hearing for June 2,
1976; [1] bail, although set at $10,000, was not posted. Appel-
lant was present at this preliminary hearing and was grant-
ed a continuance until June 11 since his attorney was out of
the country. On June 11, the District Justice further contin-
ued appellant's preliminary hearing because he had been
advised that two of the Commonwealth's witnesses would be
appearing in a court session in Allegheny County. No date
was scheduled for a subsequent hearing at that time. The
testimony indicates that the District Justice, on a date not
fixed, later received information from the District Attor-
ney's office to the effect that a Commonwealth witness had
been injured in an automobile accident. Apparently, he
again continued the preliminary hearing, without reschedul-
ing it, and appellant's bail was reduced to $7,500. Appel-

---

1. Rule 140 of the Pennsylvania Rules of Criminal Procedure reads in
   pertinent part as follows:
   "(f) When a preliminary hearing is not waived, the issuing authori-
   ty shall:
   (1) fix a day and hour for a preliminary hearing which shall not be
   less than three nor more than ten days after preliminary arraign-
   ment unless extended for cause shown, unless the issuing authority
   fixes an earlier date upon request of the defendant or his attorney
   with the consent of the complainant and the attorney for the
   Commonwealth . . ."

lant, however, remained incarcerated at the Blair County Prison.

On July 23, 1976, appellant petitioned the Court of Common Pleas of Blair County for a writ of habeas corpus, asking that a hearing be set for the purpose of fixing bail. A hearing on this petition was held on August 3, at which time appellant was granted leave to file an amended petition to seek his discharge. Also, on August 3, the District Justice scheduled appellant's preliminary hearing for August 10.

On August 10, 1976, following a hearing on the amended petition, the court below entered an order denying appellant his discharge or his release upon his own recognizance. This appeal followed.

■■■ The principal function of a preliminary hearing under Pennsylvania law is to protect an individual's right against unlawful arrest and detention. *Commonwealth v. Mullen,* 460 Pa. 336, 333 A.2d 755 (1975). A preliminary hearing is not a trial; its sole purpose is to determine whether a prima facie case has been made out against the accused. *Commonwealth v. Smith,* 232 Pa.Super. 546, 334 A.2d 741, *allocatur refused,* 232 Pa.Super. *xxxi* (1975). Rule 140(f)(1) of the Pennsylvania Rules of Criminal Procedure provides that the issuing authority shall schedule a preliminary hearing within three to ten days of the preliminary arraignment.[2] This Rule is designed to prevent prolonged custody of an accused and undue delays in the disposition of the case against him. *Commonwealth v. Hailey,* 470 Pa. 488, 368 A.2d 1261 (1977). In effect, it provides for a speedy determination of probable cause. *Commonwealth v. DeCosey,* 246 Pa.Super. 412, 371 A.2d 905 (1977).

■■■ There may be circumstances in which a preliminary hearing, although originally scheduled in compliance with Rule 140(f)(1), cannot be held on the date set for it. Recog-

2. This burden of moving litigation cannot be shifted onto the defendant. *Commonwealth v. Wade,* 240 Pa.Super. 454, 360 A.2d 752 (1976). There we held that the District Justice erred when, instead of setting a date for the preliminary hearing, he awaited a response from defense counsel before proceeding.

nizing this possibility, Rule 142 authorizes the issuing authority to grant a continuance for cause shown. That a party is properly granted a continuance for the purpose of procuring the attendance of material witnesses cannot be disputed. However, an accused must still be insured as speedy a preliminary hearing as practical;[3] the necessity for preventing prolonged custody pending a determination of probable cause remains, despite the existence of valid reasons for a continuance.

Here, the Commonwealth was granted a continuance on June 11 because two of its witnesses were unavailable. It appears that the District Justice did not set a date for the continued hearing at that time, but awaited word from the Assistant District Attorney as to an acceptable date. Moreover, the docket is silent as to the continuance subsequently granted because of the injuries sustained by a Commonwealth witness.[4] Appellant, however, was incarcerated at the Blair County Prison during this entire period.

In *Commonwealth v. DeCosey,* supra, we recognized that incarceration is one of the obvious prejudices to an accused resulting from a delay in the scheduling of his preliminary hearing. We held in that case that discharge was not the appropriate remedy for non-compliance with Rule 140(f)(1) since the defendant had been released on bail and could not show any prejudice resulting from a four-day delay in the original scheduling of his hearing apart from the delay

3. Initially, we reject appellant's contention that a continued hearing must be scheduled within ten days of a previously scheduled preliminary hearing. Rule 142 must be read as written. We will not read into it time limitations that are not included.

4. Rule 142 provides that the issuing authority shall note every continuance on his docket, together with the reasons therefor. Moreover, Rule 142 does not suspend the Act of June 15, 1937, P.L. 1743, No. 368, § 14, 42 P.S. § 1114, which provides, in pertinent part, that no continuance shall be granted unless the reason is sworn to and noted on the docket, together with the name of the party requesting it. Although appellant argues to the contrary, there is no requirement that testimony be taken to justify the granting of a continuance. Nevertheless we note that the foregoing provisions were ignored in the instant case.

itself. Here, however, appellant's extended incarceration while awaiting the rescheduling of his preliminary hearing supplies the element of prejudice we found lacking in *Commonwealth v. DeCosey, supra.*[5]

Under the circumstances, we conclude that appellant was unlawfully deprived of his liberty and was entitled to a writ releasing him from custody.

Order reversed and appellant discharged.

SPAETH, J., files a concurring opinion.

VAN der VOORT, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

I concur, but wish to reiterate my view that in a case in which there has been something other than "substantial compliance" with Rule 140(f) (as in the present case), a defendant need not show prejudice. *Commonwealth v. DeCosey,* 246 Pa.Super. 412, 418, 371 A.2d 905, 907 (1977) (Concurring Opinion by SPAETH, J.).

---

**5.** Although *Commonwealth v. DeCosey,* supra, involved noncompliance with Rule 140(f)(1), we find its reasoning equally applicable to situations where, as here, a defendant seeks his discharge because of a delay in the scheduling of a continued hearing.