519 A.2d 417

**COMMONWEALTH of Pennsylvania**

v.

**Montinez BERNHARDT, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**Anthony OWENS, Appellant.**

Superior Court of Pennsylvania.

Argued May 29, 1986.

Filed Nov. 21, 1986.

Reargument Denied Jan. 13, 1987.

Leonard N. Sosnov, Assistant Public Defender, Philadelphia, for appellants.

Leonard Dentchman, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WIEAND, BECK and JOHNSON, JJ.

JOHNSON, Judge:

These consolidated appeals are from separate orders denying Appellants' petitions for a writ of habeas corpus. These appeals present for our review the question of whether a criminal defendant is entitled to a writ of habeas

corpus where he is subject to a lengthy incarceration prior to his preliminary hearing without cause shown.

On July 27, 1984, Appellant Bernhardt was arrested without a warrant by Philadelphia police and charged with robbery and related offenses. Following a preliminary arraignment, bail was set at $4,000.00. Bernhardt's preliminary hearing was scheduled for August 2, 1984. When the complaining witness failed to appear, the Commonwealth requested and was granted a continuance. The preliminary hearing was continued until December 19, 1984. Bernhardt's bail was also reduced to $3,000.00. Subsequently on August 22, 1984, appellant Bernhardt filed a petition for a writ of habeas corpus, wherein he requested to be discharged from custody pending his preliminary hearing. Following a hearing, the trial court denied the petition for writ of habeas corpus on September 10, 1984. A subsequent petition to reduce bail was denied by the court on October 1, 1984. On October 4, 1984, Bernhardt filed a timely appeal to this court from the order denying his petition for habeas relief. Appellant's motion for release pending a disposition of his appeal was denied by this court per curiam on October 10, 1984. Later on October 12, 1984 Bernhardt was released on bail. Thereafter on December 19, 1984, when the complainant failed to appear for the preliminary hearing, the trial court granted the Commonwealth's motion to withdraw the prosecution without prejudice.

Appellant Owens was arrested on March 20, 1985 and charged *inter alia*, with burglary and receiving stolen property. Bail was set at $25,000.00 and Owens' preliminary hearing was scheduled for March 27, 1985. On that date, the Commonwealth requested and was granted a continuance for further preparation. The preliminary hearing was rescheduled for May 7, 1985. The record indicates that on April 1, 1985 a petition for reduction of bail/writ of habeas corpus was filed. A review of the record indicates that the document filed on April 1, 1985 was captioned petition for reduction of bail, with the language "writ of

habeas corpus" handwritten in pencil underneath. On the back of the petition is a stamp signed by Judge David N. Savitt indicating that the petition for bail was denied on April 8, 1985. Further review of the notes of testimony show that a hearing was held on the petition for writ of habeas corpus, N.T., 4/26/85, after which Judge Savitt denied appellant habeas relief. Following a hearing on April 26, 1985, Judge Savitt orally denied appellant Owens' petition for a writ of habeas corpus. On April 30, 1985, this appeal followed. Subsequently on May 7, 1985, Owens' preliminary hearing was held and appellant Owens was bound over for trial.

Before addressing the merits of this appeal we must first determine whether the Superior Court has jurisdiction.

Generally, an immediate appeal will not lie from an order denying a pretrial petition for habeas corpus as such an order is interlocutory. *Commonwealth v. Hess,* 489 Pa. 580, 414 A.2d 1043 (1980). However, where exceptional circumstances exist, denial of a pretrial application for a writ of habeas corpus may be appealable. We note that in *Commonwealth v. Wansley,* 248 Pa.Super. 234, 375 A.2d 73 (1977) this court addressed the merits of an appeal challenging a pretrial petition for habeas relief without comment on whether such an order was interlocutory. In *Commonwealth v. Rucco,* 229 Pa.Super. 247, 324 A.2d 388 (1974), this court defined extraordinary circumstances as those "requiring the safeguarding of basic human rights." We feel that the facts of these appeals constitute such exceptional circumstances. *Commonwealth v. Donohue* (Nos. 1304 and 1305 Philadelphia 1985; filed October 14, 1986).

Normally, the existence of an actual controversy is essential to appellate jurisdiction and, if an event occurs which renders it impossible to grant any relief, the issue is moot. *K.L.H. v. G.D.H.,* 318 Pa.Super. 330, 464 A.2d 1368 (1983); *Commonwealth v. Smith,* 336 Pa.Super. 636, 486 A.2d 445 (1984). However, exceptions to the mootness doctrine exist where (1) the question involved is capable of repetition but likely to evade review or; (2) the question

involved is one of public importance. *In Re Estate of Dorone*, 349 Pa.Super. 59, 502 A.2d 1271 (1985); *Commonwealth v. Smith, supra.* In evaluating whether a question is capable of repetition but likely to evade review, we will consider whether the challenged action is too short in its duration to permit full litigation and whether there is a reasonable expectation that the same complaining party will be subject to the same action again. *Dorone, supra, Commonwealth v. Buehl*, 316 Pa.Super. 215, 462 A.2d 1316 (1983).

■ The Commonwealth submits that the issues raised do not fall within the exception to the case or controversy requirement as appellants could have sought review of their bail determinations pursuant to Pa.R.A.P. 1762(a)(2) and 1501 et. seq. However, Pa.R.A.P. 1561, which addresses the disposition of a petition for review, provides in section (d) that review in the nature of criminal habeas corpus or post conviction hearing relief may not be granted under this chapter. Here appellants seek review not of their bail determinations but rather denial of habeas corpus relief.

Pretrial detentions, such as those in the instant matter, are by their nature temporary. As such it is unlikely that any challenge to pretrial detentions would be afforded full appellate review prior to a defendant's release or conviction. *Gerstein v. Pugh*, 420 U.S. 103, 111, 95 S.Ct. 854, 43 L.Ed.2d 54, 63 (1975). Appellant Bernhardt was released on bail and the charges against him were ultimately withdrawn. Appellant Owens was bound over for trial after a preliminary hearing held subsequent to the filing of this appeal. Accordingly, the questions raised by these appeals are moot as to these individual defendants. However, there is a reasonable likelihood that other defendants will be subject to lengthy preliminary hearing delays. *Janet D. v. Carros*, 240 Pa.Super. 291, 362 A.2d 1060 (1976).

In *Carros, supra,* the court was confronted with the question of whether a child committed to a child welfare agency by juvenile court as a deprived child has a right to treatment. While the child in that case had attained majori-

ty prior to argument on the appeal and was no longer under the supervision of the Child Welfare Services, the court in finding jurisdiction viewed the matter as a continuing controversy affecting a large number of people. In reaching this conclusion, the court noted that the action was not brought as a class action nor was testimony received during the hearings below as to the possible adverse affects of Child Welfare Services practices on other children. The fact that Child Welfare Services would continue to serve deprived children made its ability to render suitable service to those children remain at issue.

Here we have a similar situation, where the action was not brought as a class action nor was testimony received with respect to the impact of Philadelphia County's preliminary hearing scheduling practices on other defendants. Nevertheless, it is reasonable to assume that criminal defendants will continue to be brought before Philadelphia County courts and, its ability to schedule and hold prompt preliminary hearing will remain at issue. We note that at oral argument defendants submitted, and to its credit the Commonwealth did not vigorously deny, that the practice of preliminary hearing delays beyond 10 days was a recurring event in Philadelphia County.

Finally, we note that the issues presented involve deprivations of liberty, a matter of public importance. *In Re S.O.*, 342 Pa.Super. 215, 492 A.2d 727 (1985) (while commitment periods in question have expired, live controversy still exists since involuntary commitment orders involve important liberty interests over which it behooves us to maintain appellate vigilance). In light of the foregoing analysis, we conclude that while the matters raised in these appeals are moot, the significant interests involved necessitate appellate review. We will therefore consider the merits of the issues presented.

We have chosen not to address the constitutional implications of the issues raised in this appeal as the issues involved are capable of resolution on a nonconstitutional basis. *Commonwealth v. Allsup*, 481 Pa. 313, 392 A.2d

1309 (1978). Pursuant to Pa.R.Crim.P. 140(d), unless a defendant waives his right to a preliminary hearing, one should be scheduled within three to ten days after his preliminary arraignment. In the event that the preliminary hearing cannot be held within the three to ten day period, upon cause shown, a continuance may be granted upon request of either party. Pa.R.Crim.P. 142.

▆▆▆▆ While appellants agree that a preliminary hearing may be continued for cause shown, they submit that no good reasons were given for the delay. With respect to Bernhardt, a delay of 145 days ensued before the final scheduling of his preliminary hearing at which time the Commonwealth withdrew the prosecution. The reason given for the continuances was the complainant's failure to appear. In *Commonwealth v. Wansley,* 248 Pa.Super. 234, 375 A.2d 73 (1977) the court stated:

> That a party is properly granted a continuance for the purpose of procuring the attendance of material witnesses cannot be disputed. However, an accused must still be insured as speedy a preliminary hearing as practical; the necessity for preventing prolonged custody pending a determination of probable cause remains, despite the existence of valid reasons for a continuance.

*Id.,* 248 Pa.Superior Ct. at 238, 375 A.2d at 75.

Here, while the record indicates that the basis for the continuances with respect to Bernhardt was the complainant's failure to appear, the record is silent as to why the complainant failed to appear and what efforts the Commonwealth made to secure his appearance. The record shows a Philadelphia address for the victim/complainant. We do not believe that a notation on the record that the complainant failed to appear, without more, is sufficient to demonstrate cause for the granting of a continuance in compliance with Pa.R.Crim.P. 142.

The continuance delaying the preliminary hearing of appellant Owens is even more egregious, where the only reason given for the granting of the continuance was that the prosecution needed further preparation. This reason

without more does not, in our view, justify the granting of a continuance which resulted in a delay of 48 days from the time of arrest to the preliminary hearing. A review of the record shows that at the hearing on Owens' habeas petition, the Commonwealth explained that the reason for requesting a continuance was to get a detective who had taken defendant's statement to testify. N.T., 4/26/85 at 3–5. There was, however, some disagreement on this point by defense counsel, even though this explanation was accepted by the court below. The Commonwealth's testimony at the habeas proceeding was based upon unsubstantiated notations in its case file. We do not believe that such an unsworn statement is sufficient to establish why the prosecution requested a continuance. *Commonwealth v. Evans*, 326 Pa.Super. 57, 473 A.2d 606 (1984)

The complaint filed against appellant Owens alleges that on March 20, 1985 he forcibly entered the victim's apartment and removed a VCR, jewelry and coins without her consent. Owens was arrested on the same day and arraigned. At the preliminary hearing, the Commonwealth is required to make a prima facie case that a crime has been committed and that the accused is the one who committed the crime. *Commonwealth v. Gray*, 322 Pa.Super. 37, 469 A.2d 169 (1983). In seeking a continuance, the Commonwealth asserted that it needed more time for preparation. However, based upon our review of the complaint, we fail to see what further preparation was necessary for the prosecution to proceed at the preliminary hearing scheduled for March 27, 1985. Indeed, if the Commonwealth was unprepared to make even a prima facie case that a crime had been committed and that Owens committed it, we question the wisdom of filing the charges against Owens initially.

In *Wansley, supra* this court found that the defendant had been unlawfully deprived of his liberty and was entitled to a writ releasing him from custody where he was incarcerated for over two months pending his preliminary hearing. In *Commonwealth v. DeCosey*, 246 Pa.Super. 412, 371 A.2d 905 (1977) the court found that a technical violation of

Pa.R.Crim.P. 140(f)(1) did not mandate discharge where there was only a four day delay in holding the preliminary hearing and no prejudice inuring to the defendant was shown. In *Wansley, supra* the court distinguished *DeCosey, supra* by pointing out that, unlike the defendant in *DeCosey, supra*, the defendant there remained incarcerated, unable to post bail during the wait for his preliminary hearing. Thus, "incarceration is one of the obvious prejudices to an accused resulting from a delay in the scheduling of his preliminary hearing." *Wansley*, 248 Pa.Super. at 238, 375 A.2d at 76. Here both Bernhardt and Owens were subject to lengthy periods of incarceration prior to their preliminary hearings.

Under the circumstances of these cases we conclude that Bernhardt and Owens were unlawfully deprived of their liberty. We cannot, however, agree with the broad relief sought by appellants. Appellants not only seek a reversal of the orders denying their habeas petitions but also a prophylactic rule requiring the automatic granting of habeas relief where the defendant has been incarcerated for more than thirty (30) days pending his preliminary hearing. Under appellants' approach a writ of habeas would be required regardless of whether the preliminary hearing was continued for cause shown. We do not, however, have the authority to create a rule as suggested by defendants. *Commonwealth v. Dugger*, 506 Pa. 537, 543–544, 486 A.2d 382, 385 (1985). The rule making power resides in the Supreme Court. 42 Pa.C.S. § 1722. Moreover, we are not convinced that such a prophylactic rule is necessary.

We hold, rather, that where a preliminary hearing has not been held within the time required by Pa.R.Crim.P. 140(d)(1) and there has been no good cause shown for continuing the hearing beyond that time, an accused is entitled to be released from custody until the preliminary hearing has been held. Under the circumstances of this case, Bernhardt and Owens were unlawfully deprived of

their liberty and were entitled to writs releasing them from custody until their preliminary hearings were held.

Orders reversed.