COMMONWEALTH of Pennsylvania, Appellee,

v.

Jeana R. ROTHHAUPT–SMITH, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 17, 2001.

Filed May 10, 2002.

Steve Rice, Gettysburg, for appellant.

Paul T. Dean, Assistant District Attorney, Gettysburg, for Commonwealth, appellee.

BEFORE: CAVANAUGH, MUSMANNO and OLSZEWSKI, JJ.

CAVANAUGH, J.

¶ 1 This appeal is from the denial of a motion for a writ of *habeas corpus*. The appellant was held in custody for a period of 79 days before she had the benefit of a preliminary hearing on the charge of endangering the welfare of her infant son. She argues on appeal that she was unlawfully denied her liberty because the Commonwealth failed to show good cause for the several continuances which were ordered. We agree with appellant, and, therefore, reverse the lower court. Appellant was entitled to release from custody until her preliminary hearing was held.

¶ 2 The factual background, as supported by the record, is that appellant was arrested on September 20, 2000, pursuant to a warrant dated September 19, 2000. She was charged with endangering the welfare of children in violation of 18 Pa. C.S.A. § 4304(a). The basis of the charge was continual neglect of her four-month old son's health and welfare where he had been left alone at their residence for extended periods of time and was suffering from a severe rash due to infrequent diaper changes.

¶ 3 A preliminary arraignment was held on September 20, 2000, before District Justice Thomas R. Carr. Bail was set in the amount of $10,000, which was not posted. District Justice Carr set a preliminary hearing date for September 27, 2000, before District Justice Daniel S. Bowman. On September 21, 2000, District Justice Bowman issued a notice of continuance, upon his own request, and set the preliminary hearing date for November 14, 2000. The reason given for the continuance was that District Justice Bowman was scheduled to attend a special court judges committee meeting on September 27, 2000. The notice stated no reason as to why the

particular date of November 14th was chosen.

¶ 4 Appellant filed a motion for reduction of bail on September 28, 2000. The court, the Honorable John D. Kuhn, J., ordered, after hearing on October 6, 2000, that the matter be referred to the probation department for evaluation and recommendation as to whether appellant was a viable candidate for the intensive bail supervision program. Appellant remained in custody pending the referral.

¶ 5 On October 24, 2000, District Justice Bowman issued a second notice of continuance, again upon his own request, and set December 7, 2000, as the new date for the preliminary hearing. The reason for the continuance was that District Justice Bowman was scheduled to attend a convention on November 14, 2000. Again, no reason was given as to why the particular date for the continued hearing was chosen.

¶ 6 On November 3, 2000, the third and final notice of continuance was issued by District Justice Bowman upon the request of the investigating officer. No reason was stated for the officer's request. The new date for the preliminary hearing was December 8, 2000.

¶ 7 The instant motion for writ of *habeas corpus* was filed by appellant on November 15, 2000. On November 22, 2000, the court ordered that a hearing on this motion be held on December 1, 2000. Appellant remained in custody at the time the hearing on December 1st took place before Judge Kuhn.

¶ 8 District Justice Bowman was the sole witness at the December 1st hearing. He testified that he relied upon his staff to schedule preliminary hearings. The staff was instructed to schedule preliminary hearings for the earliest date on which all necessary persons were available. This coordination of schedules included those of the district justice, the prosecuting attorney, defense counsel, and the arresting officer. Regarding his own schedule, District Justice Bowman testified that he was chairman of the crimes code committee of the Special Court Judges Association and that there was a committee meeting in Harrisburg on September 27, 2000. For that reason he entered the first continuance. He further testified that approximately ten days before November 14, 2000, the new date for the hearing, he checked his schedule and saw that he was to attend a conference on November 14th and 15th; he advised his office manager to reschedule all hearings previously set for those two days. District Justice Bowman stated that the notices did not state the reasons for choosing the particular dates for continuance because to do so would be "... just too burdensome."

¶ 9 The preliminary hearing was held on December 8, 2000, and appellant was held for trial on the charge of endangering the welfare of a child. Also on December 8th, the instant order was entered denying the motion for a writ of *habeas corpus*. On December 11, 2000, appellant was released from custody into the supervised bail program.

¶ 10 The lower court denied relief because it found that the reasons proffered for the continuances constituted good cause. Nonetheless, the court expressed concern that, "... under any circumstances an accused should languish in jail 79 days while awaiting a preliminary hearing." It admonished all parties to "... closely monitor such situations [as][p]ersonal liberty is one of our most treasured rights and one not to be treated lightly because someone has been accused of a crime."

¶ 11 Although appellant is no longer in pretrial custody, we have jurisdiction over the instant appeal. The matter is not

moot because it presents an issue which is capable of repetition but likely to evade review. Since pretrial detentions are by their nature temporary, appellate review of a challenge would be unlikely to occur before ultimate disposition of the case by the trial court. *See Commonwealth v. Bernhardt,* 359 Pa.Super. 413, 519 A.2d 417, 419–420 (1986). The Commonwealth does not dispute that this appeal is properly before us, and we find it to be so.

■ ¶ 12 Preliminary hearings are to be held not less than three nor more than ten days after the preliminary arraignment. Pa.R.Crim.P. 540(E)(1) (formerly Rule 140(f)(1)). Regarding continuances, the rules provide as follows:

> The issuing authority may, for cause shown, grant a continuance and shall note on the transcript every continuance together with:
>
> > (1) the grounds for granting each continuance;
> >
> > (2) the identity of the party requesting such continuance; and
> >
> > (3) the new date and the reasons that the particular date was chosen.

Pa.R.Crim.P. 542(E) (formerly Rule 142).

■ ¶ 13 An accused must still be insured as speedy a preliminary hearing as practical in instances where a continuance beyond the original ten-day period is necessary. *Commonwealth v. Wansley,* 248 Pa.Super. 234, 375 A.2d 73, 75 (1977). The setting of a date for a continued preliminary hearing by a district justice should not be delayed pending responses from either the assistant district attorney, *id.,* or defense counsel, *id.* at n. 2 (citing *Commonwealth v. Wade,* 240 Pa.Super. 454, 360 A.2d 752 (1976)).

¶ 14 The record in the instant case shows that the first two continuances were at the behest of the district justice. However, the record does not state the reasons that the particular dates, *i.e.,* November 14, 2000 and December 7, 2000, were chosen, in contravention of Rule 542(E)(3).

Moreover, the record does not sufficiently establish the unavailability of District Justice Bowman on September 27, 2000, the first date set for the preliminary hearing. Although he testified that he had a meeting of the crimes code committee of the Special Court Judges Association in Harrisburg, he did not state the time for which the meeting was scheduled or its estimated duration. We take judicial notice that the Borough of Bonneaueville, in which District Justice Bowman's office is located, is situated some 40 miles south of Harrisburg. This distance, without more, does not substantiate the necessity for the district justice's conducting no other court business that day. *See* Pa.R. Governing Standards of Conduct of District Justices 3A—Priority of Judicial Business, "A district justice shall devote the time necessary for the prompt and proper disposition of the business of his office, which shall be given priority over any other occupation, business, profession, pursuit or activity."

¶ 15 We find that, applying the reasoning of *Wansley* and *Bernhardt, supra,* the lower court erred in denying the motion for writ of habeas corpus. The delay in the scheduling, occasioned by the district justices's attendance at a committee meeting and a convention, is not justified by cause shown. The record does not support a finding that the Commonwealth established good cause for the delay in the preliminary hearing since the reasons for the particular dates chosen do not appear of record. For the foregoing reasons, we reverse the order denying the motion for writ of *habeas corpus.* Appellant was entitled to her liberty pending the conduct of the preliminary hearing.[1]

¶ 16 Order reversed.

1. We are aware that our disposition does not afford appellant individually any immediate relief as a result of her being denied her liberty. Nonetheless, we note that she asks for no form of relief other than a declaration of the right to have been released, and we know of no other relief which we are empowered to award at this stage of the proceedings.