**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICK LAVAR CANNON | : | |
| | : | |
| Appellant | : | No. 1255 MDA 2023 |

Appeal from the PCRA Order Entered August 4, 2023
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000559-2014

BEFORE:  OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:          **FILED: DECEMBER 30, 2024**

Appellant, Rick Lavar Cannon, appeals from the order entered on August 4, 2023, dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA). 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarized the facts of this case as follows:

On March 14, 2014, Appellant and two co-conspirators robbed and shot two victims, fled from police, and, after a high-speed chase, were apprehended in unlawful possession of cocaine and firearms. [One of the victims died as the result of gunshot wounds received during the incident.]  Appellant was charged with numerous crimes, including homicide.  On July 2, 2015, Appellant entered into [a] negotiated guilty plea [] for 50 to 100 years [of imprisonment, in exchange for his] cooperat[ion with] the District Attorney's Office regarding [his] codefendants.  Furthermore, Appellant agreed that the plea was irrevocable.

When Appellant appeared for sentencing on August 26, 2015, Appellant made an oral motion to withdraw his plea. The trial court denied the motion and sentenced Appellant pursuant to the terms of the plea agreement. Appellant timely filed a notice of appeal.

> ***Commonwealth v. Cannon***, 2017 WL 2423120, at *1 (Pa.
> Super. 2017) (non-precedential decision) (one footnote
> incorporated; record citations and other footnotes omitted).  This
> Court affirmed Appellant's judgment of sentence on June 5, 2017.
> ***See id.***   On May 30, 2018, the Pennsylvania Supreme Court
> denied further review.  ***See Commonwealth v. Cannon***, 186
> A.3d 941 (Pa. 2018).

> Subsequently,

> [o]n July 27, 2018, Appellant filed a *pro se* PCRA petition.  After
> counsel was appointed, Appellant filed various *pro se* petitions and
> changed counsel multiple times.  On October 7, 2020, [PCRA
> counsel] filed an amended petition and on November 12, 2020,
> filed a second amended petition.  On December 22, 2020, the
> PCRA court dismissed Appellant's petition.  On January 21, 2021,
> Appellant filed a timely appeal.

***Commonwealth v. Cannon***, 262 A.3d 487 (Pa. Super. 2021) (non-precedential decision) (footnote omitted).  On appeal to this Court, Appellant raised 10 claims for our review.[1]   Ultimately, we affirmed the PCRA court's decision to deny Appellant's PCRA petition.  ***See id.***

> Subsequently,

> [o]n or about March 3, 2022, Appellant filed a [second] *pro se*
> PCRA petition, and counsel was appointed to represent him.  On
> April 19, 2022, the Commonwealth filed a response to Appellant's

---

[1]  More specifically,

> [o]n appeal, Appellant claimed his trial counsel was ineffective in
> advising him to enter a nonrevocable guilty plea and failing to
> present Appellant's polygraph results to the prosecutor and lower
> court. Further, Appellant argued the [trial] court erred in allowing
> him to enter his guilty plea and in imposing fines without
> considering his financial resources.

***Commonwealth v. Cannon***, 290 A.3d 695, at *1 n.1. (Pa. Super. 2022) (non-precedential decision).

PCRA petition. Without either a hearing or Rule 907 notice, on May 9, 2022, the PCRA court entered an order dismissing Appellant's second PCRA petition. Specifically, the PCRA court reasoned that Appellant's PCRA petition was untimely filed and not subject to any of the timeliness exceptions.

*Commonwealth v. Cannon*, 2022 WL 17819147, at *2 (Pa. Super. 2022).

Appellant filed an appeal, claiming that the PCRA court erred by dismissing his second PCRA petition without a hearing or providing mandatory notice pursuant to Pa.R.Crim.P. 907.[2] This Court agreed and remanded for additional proceedings, finding:

> [T]here [wa]s no dispute the PCRA court failed to comply with Rule 907(1)'s notice requirement, and Appellant objected. Accordingly, we vacate[d] the order dismissing Appellant's second PCRA petition. We remand[ed] for the PCRA court, if it intend[ed] to dismiss Appellant's petition without a hearing, to properly issue Rule 907(1) notice. If the PCRA court issue[d] notice, Appellant, upon receipt, [was permitted to] respond to the proposed dismissal within 20 days of the date of the notice, as provided in Rule 907(1).

*Id.* at *4.

_____

[2] Rule 907 provides, in pertinent part:

> If the judge is satisfied from [prompt] review [of a PCRA petition] that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).

Upon remand, on December 23, 2022, the PCRA court entered an order pursuant to Rule 907, giving Appellant notice that his second PCRA petition was untimely, not subject to an exception under the PCRA, and, therefore, an evidentiary hearing was unwarranted. Appellant filed a counseled response to the Rule 907 notice on January 25, 2023. Therein, Appellant alleged that: (1) trial counsel was ineffective for inducing him to plead guilty; (2) initial PCRA counsel was ineffective for not challenging the failure to issue a Rule 907 notice prior to the dismissal of Appellant's first petition for collateral relief and failing to appeal this Court's August 13, 2021 decision to the Pennsylvania Supreme Court following the denial of Appellant's first PCRA petition, and; (3) the trial court misinformed Appellant regarding the elements of the charges and, therefore, his guilty plea was not knowing, intelligent, or voluntary. On February 17, 2023, the Commonwealth filed a motion to dismiss Appellant's second PCRA petition as untimely. In that motion, the Commonwealth argued that Appellant should be required to file an amended PCRA petition, specifying "with specific averment rather than by reference, all claims [Appellant] intend[ed] to pursue at a PCRA hearing in this matter." Commonwealth's Motion to Dismiss, 2/17/2023, at 10, ¶ 61A. Thereafter, on February 21, 2023, the PCRA court ordered Appellant to file an amended PCRA petition. In response, Appellant amended his second PCRA petition and filed the amended paperwork on March 23, 2023. The PCRA court held an evidentiary hearing on August 1, 2023. Initial PCRA counsel, Heather A. Eggert, Esquire, and Appellant testified therein. By order entered on August 4, 2023, the PCRA

court denied Appellant's second, amended PCRA petition. This timely appeal resulted.[3]

On appeal, Appellant presents the following issues for our review:

I.    Whether the PCRA court erred in denying [Appellant's claim of] ineffectiveness of PCRA counsel, where testimony at the [evidentiary] hearing indicated [Attorney Eggert] abandoned Appellant by not filing a petition for allowance of appeal to the Pennsylvania Supreme Court [following the denial of his first PCRA petition] after Appellant requested that she do so[?]

II.   Whether the PCRA court erred when it dismissed Appellant's claim that PCRA counsel was ineffective for failing to raise

---

[3] On August 25, 2023, Appellant filed a timely, counseled notice of appeal. In addition, Appellant filed an untimely, *pro se* notice of appeal on September 1, 2023. On September 14, 2023, the PCRA court issued an order pursuant to Pa.R.A.P. 1925(b), directing Appellant to file a concise statement of errors complained of on appeal. Counsel for Appellant complied timely on October 3, 2023. Appellant also filed a *pro se* Rule 1925(b) statement on October 2, 2023, raising the same issues as counsel. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 24, 2023. Moreover, we note that after the filing of all of the counseled appellate briefs in this case, Appellant filed a *pro se* motion to supplement or remand the case and asserts that current PCRA counsel, Bret Michael Wiest, Esquire, rendered ineffective assistance of counsel. Generally, "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021). Moreover, "it is well-established that when a counseled appellant seeks to proceed *pro se* on appeal, the proper response is to remand to the lower court for an on-the-record hearing to determine whether a waiver of counsel is knowing, intelligent, and voluntary." **Commonwealth v. Greer**, 316 A.3d 623, 629 (Pa. 2024) (citation omitted). "However, if the request to proceed *pro se* is filed after counsel has filed a merits brief, the request is considered untimely." **Id.** (citation omitted). As such, we dismiss Appellant's *pro se* request as untimely and do not reach the merits of Appellant's current *pro se* claims.

the issue of the [PCRA] court's failure to comply with Pa.R.Crim.P. 907[?]⁴

Appellant's Brief at 6 (complete capitalization omitted).

In his first issue presented, Appellant claims that the PCRA court erred as a matter of law or abused its discretion in refusing to find initial PCRA counsel, Attorney Eggert, ineffective "for failing to file a [p]etition for [a]llowance of [a]ppeal with the Pennsylvania Supreme Court and [in] failing to [challenge on appeal] the [PCRA court's failure to issue a Rule] 907 notice" before denying Appellant's first PCRA petition. Appellant's Brief at 11. Appellant asserts that counsel's error constituted *per se* ineffective assistance because he "testified he [asked] PCRA [c]ounsel [to] file the [p]etition for [a]llowance of appeal and PCRA [c]ounsel either refused or failed to do so." *Id.* Accordingly, Appellant argues that he was not required to establish his innocence, demonstrate prejudice, or prove that the Supreme Court would

_____

⁴ More specifically, regarding his second issue, Appellant argues that he "would likely have been given an evidentiary hearing or at least an opportunity to respond and address any issues with the PCRA petition." Appellant's Brief at 25. "Normally, the existence of an actual controversy is essential to appellate jurisdiction and, if an event occurs which renders it impossible to grant any relief, the issue is moot." *Commonwealth v. Bernhardt*, 519 A.2d 417, 419 (Pa Super. 1986). Here, the PCRA court dismissed Appellant's second petition without a hearing and without first issuing Rule 907 notice. As a result, we remanded the case for the trial court to correct its initial failure to issue a Rule 907 notice if it elected to dismiss Appellant's petition without a hearing. As detailed above, the PCRA court issued a Rule 907 notice upon remand, but then ordered the filing of an amended second PCRA petition and held an evidentiary hearing on Appellant's claims regardless. Because Appellant was ultimately given a hearing and an opportunity to respond to the PCRA court's Rule 907 notice, there is no actual controversy to address, and this issue is moot.

have granted allocator. *Id.* at 15-19. Moreover, Appellant argues that he "filed the PCRA [p]etition that is at issue in this matter on March 3, 2022" and it "is timely because it was filed approximately three (3) months after [this] Court entered its decision on December 2, 2021" and, thus, "well within the one-year requirement under [42 Pa.C.S.A. §] 9545(b)." Appellant's Reply Brief at 4.

"On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Wharton**, 263 A.3d 561, 567 (Pa. 2021) (citations omitted).

This Court has recently determined:

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.[A.] § 9545(b)(1). Under the PCRA, a judgment becomes final on the date that all direct review of the defendant's judgment of sentence has ended and the time for seeking further direct review has expired. 42 Pa.C.S.[A.] § 9545(b)(3); **Commonwealth v. Wharton**, 263 A.3d 561, 570 (Pa. 2021); **Commonwealth v. Kennedy**, 266 A.3d 1128, 1132-33 (Pa. Super. 2021).

A PCRA petition may be filed beyond this one-year time period only if the defendant pleads and proves one of the following three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.[A.] § 9545(b)(1).  These exceptions apply only if the defendant filed the PCRA petition "within one year of the date the claim could have been presented."  42 Pa.C.S.[A.] § 9545(b)(2); **Commonwealth v. Stahl**, 292 A.3d 1130, 1134 (Pa. Super. 2023); **Commonwealth v. Hipps**, 274 A.3d 1263, 1267 (Pa. Super. 2022). The PCRA's time bar is jurisdictional, and a court may not ignore it and reach the merits of an untimely PCRA petition. **Commonwealth v. Fahy**, 737 A.2d 214, 222-[2]23 (Pa. 1999); **Stahl**, 292 A.3d at 1134; **Hipps**, 274 A.3d at 1267.

\*          \*          \*

[Previously, this Court has rejected claims asserting that:  (1) a] second PCRA petition is timely even if [the petition fails to] satisf[y] any of the exceptions [] in Sections 9545(b)(1)(i)-(iii) [or (2)] the PCRA's one-year period runs [from] the denial of [the] first PCRA petition [premised upon the] ineffectiveness of prior PCRA counsel.  Those arguments are patently without merit. The PCRA expressly provides that all PCRA petitions, "including a second or subsequent petition," must be filed within one year of the date that the judgment becomes final and that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.[A.] § 9545(b)(1), (3).

[C]laiming ineffectiveness of PCRA counsel does not alter this time bar.  **Commonwealth v. Bradley**, 261 A.3d 381, 403-[4]04 & n.18 (Pa. 2021); **Commonwealth v. Crews**, 863 A.2d 498, 503 (Pa. 2004); **Stahl**, 292 A.3d at 1135-[11]36.

Our Supreme Court held in **Bradley** that a defendant may raise claims of ineffective assistance of PCRA counsel for the first time during an appeal from the denial of a timely filed first PCRA petition where the PCRA counsel in question represented the

- 8 -

> defendant until the appeal. ***Bradley,*** 261 A.3d at 401-[4]05. The Supreme Court, however, made it clear that ineffectiveness of PCRA counsel in litigating a timely PCRA petition or in failing to raise other issues in a timely PCRA petition does not satisfy any exception to the PCRA's time-bar or permit a defendant to file a PCRA petition more than one year after the end of all direct review of the judgment of sentence and expiration of deadlines for seeking direct review. ***Bradley***, 261 A.3d at 403-[4]04 & n.18; ***Stahl***, 292 A.3d at 1135- 11]36. The fact that [an a]ppellant is asserting ineffectiveness of prior PCRA counsel therefore does not make the second PCRA petition timely.

***Commonwealth v. Barber***, 303 A.3d 744, at *1-2 (Pa. Super. 2023) (non-precedential decision).[5]

Here, this Court affirmed Appellant's judgment of sentence on June 5, 2017. Our Supreme Court denied further review on May 30, 2018. Therefore, Appellant's judgment of sentence became final 90 days later, or on August 1, 2018, when the time for petitioning the United States Supreme Court for *certiorari* expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). "[A] judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); ***see also*** U.S.Sup.Ct.R. 13.1 ("A petition for a writ of *certiorari* … is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Thus, Appellant had one-year from August 1, 2018 to file a timely PCRA petition. Because Appellant's second PCRA petition, the

---

[5] ***See*** Pa.R.A.P. 126(b) (providing that unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

submission currently at issue, was originally filed on March 3, 2022, it was patently untimely, and Appellant has not explained how a statutory timeliness exception applies. As such, the PCRA court properly dismissed Appellant's PCRA petition for lack of jurisdiction. We therefore affirm the PCRA court's dismissal of Appellant's second PCRA petition and amended second PCRA petition as untimely.

Order affirmed. *Pro Se* Motion to Supplement and/or Remand denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/30/2024