516 A.2d 373

COMMONWEALTH of Pennsylvania

v.

Kevin Michael DONAHUE, Appellant.

COMMONWEALTH of Pennsylvania

v.

Susan Marian KITCHENER, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 14, 1986.

Filed Oct. 14, 1986.

D. Webster Keogh, Philadelphia, for appellants.

James F. Marsh, District Attorney, Stroudsburg, for Commonwealth, appellee.

Before ROWLEY, MONTEMURO and KELLY, JJ.

MONTEMURO, Judge:

This is an appeal from an Order denying habeas corpus relief. Appellants were arrested for drug related offenses on March 24, 1985, based on information received by police through electronic surveillance.[1] A preliminary hearing was scheduled for April 1, 1985. At the request of the district attorney, and over the objections of counsel, the hearing was continued until April 17. On April 16, the hearing was continued a second time, until April 29, again at the instigation of the prosecutor and opposed by the defense. Appellants' habeas corpus petitions, were filed April 22. The trial court issued rules to be returnable May 1, *and stayed further proceedings.* The petitions were denied on May 10, and this appeal followed.

We first note that this case presents a jurisdictional question which although not raised by the parties we are empowered, if not compelled, to address *sua sponte. Parker v. MacDonald,* 344 Pa.Super. 552, 496 A.2d 1244 (1985).

---

1. Bond for appellant Kitchener was originally set at $125,000, and for appellant Donahue at $250,000. On June 20, 1985, these amounts were reduced to $20,000 and $50,000 respectively.

It is a principle of some antiquity that, in general, an order denying a pre-trial petition for habeas corpus relief is interlocutory, and therefore not immediately appealable barring the existence of "exceptional circumstances." *Commonwealth v. Hess*, 489 Pa. 580, 414 A.2d 1043 (1980); *Commonwealth v. Schroeck*, 273 Pa.Super. 386, 417 A.2d 702 (1980). This is particularly true in cases where the petition is grounded on the claim that insufficient evidence was produced at the preliminary hearing to make out a *prima facie* case against the defendant. *Id.*

■ Herein, however, the point of the petition was a demonstration that, prior to appellants' internment, the strength of the Commonwealth's case had not even been preliminarily tested, contrary to principles of both procedural and substantive law. We find that this set of circumstances is sufficiently anomalous, and therefore extraordinary, to warrant our intervention, since it presents a set of facts "'requiring the safeguarding of basic human rights.'" *Commonwealth v. Rucco*, 229 Pa.Super. 247, 250, 324 A.2d 388, 389 (1974) (citation omitted). In so finding we are mindful of the "vital purposes of [habeas corpus], which are to obtain relief from illegal confinement, to liberate those who may be imprisoned without sufficient cause, and to deliver them from unlawful custody." 39 Am.Jur.2d *Habeas Corpus* § 2 (1968). It is in fact the principal function of the preliminary hearing to eliminate unlawful detention, *Commonwealth v. Harvin*, 346 Pa.Super. 575, 500 A.2d 98 (1985); *Commonwealth v. Wansley*, 248 Pa.Super. 234, 375 A.2d 73 (1977), thus obviating the need for pre-trial habeas corpus relief. Here the opposite effect has been achieved.[2]

■ Specifically appellants argue that discharge through habeas proceedings is the proper remedy for violation of Pa.R.Crim.P. 140(d)(1), and 142.

Rule 140(d)(1) reads in pertinent part as follows:

**2.** We note that this court has previously addressed without comment cases presented in a similar procedural posture. *See, e.g., Commonwealth v. Wansley*, 248 Pa.Super. 234, 375 A.2d 73 (1977).

(d) Unless the preliminary hearing is waived by a defendant who is represented by counsel, the issuing authority shall:

(1) fix a day and hour for a preliminary hearing which shall not be less than three nor more than ten days after preliminary arraignment unless extended for cause shown, unless the issuing authority fixes an earlier date upon request of the defendant or his attorney with the consent of the complainant and the attorney for the Commonwealth ...

Rule 142 reads:

The issuing authority may, for cause shown, grant a continuance and shall note on the transcript every continuance together with: (1) the grounds for granting each continuance, (2) the identity of the party requesting such continuance, and (3) the new date and the reasons that the particular date was chosen.

Appellee argues that the continuances were a result of its inability to comply with the disclosure provisions of the Wiretap Act, 18 Pa.C.S. § 5720 [3], which requires that certain documents be supplied to all parties prior to any hearing.

However, despite the Rule 142 requirement that "cause shown" for a continuance be noted on the magistrate's transcript, none is of record here. Nor does appellee, even

**3.** 18 Pa.C.S. § 5720:

Service of copy of order and application before disclosure of intercepted communication in trial, hearing or proceeding

The contents of any wire or oral communication intercepted in accordance with the provisions of this chapter, or evidence derived therefrom, shall not be disclosed in any trial hearing or other adversary proceeding before any court of the Commonwealth unless not less than ten days before the trial, hearing or proceeding the parties to the action have been served with a copy of the order, the accompanying application and the final report under which the interception was authorized or, in the case of an interception under section 5704 (relating to exceptions to prohibition on interception and disclosure of communication), notice of the fact and nature of the interception. The service of inventory, order, application, and final report required by this section may be waived by the court only where it finds that the service is not feasible and that the parties will not be prejudiced by the failure to make the service.

now, provide us with a reason why the necessary information was forthcoming with so much difficulty given the fact that all of the documents in question must perforce have been in existence prior to appellants' arrest. Having found a clear violation of both the spirit and the letter of the Rules, we must perforce find as well that the trial court erred in denying habeas corpus. We therefore reverse the Order of the court below.

Reversed.

KELLY, J., files a concurring opinion.

KELLY, Judge, concurring:

I concur in the majority's opinion.

Given the fact that no preliminary hearing was held, and given this Court's recognition that both the letter and the spirit of the Rules of Civil Procedure were violated, I join the majority's holding that discharge from "custody" was the proper remedy to afford appellants on their *habeas corpus* petition. In violation of the guarantees embodied in Rules 140 and 142, appellants were not provided a preliminary hearing thirty-nine days after arrest, nor were they given valid reasons for the grant of the continuances. Moreover, they were prejudiced by the fact that they remained incarcerated for more than thirty-nine days, from April 29 through May 31, because of their inability to meet the bail originally set.[1]  Bail had been set at $125,000 for

---

1. In *Commonwealth v. Wansley,* 248 Pa.Super. 234, 375 A.2d 73 (1977), the petitioner seeking *habeas corpus* relief was incarcerated for fifty-six days and had never been afforded his preliminary hearing.  On appeal, this Court held that it was error for the lower court to deny the petition for writ of *habeas corpus*; the Court based its reasoning on the fact that 1) petitioner was prejudiced by being incarcerated, and not free on bail, as of the date of the denial of the writ and that 2) the duration of the noncompliance with Rule 140, fifty-six days, was substantial.  *Wansley,* 248 Pa.Superior Ct. at 238–239, 375 A.2d 73.  By comparison, in *Commonwealth v. DeCosey,* 246 Pa.Super. 412, 371 A.2d 905 (1977), this Court held that a four day delay in scheduling the preliminary hearing was not so prejudicial that the writ should issue.

appellant Kitchener, and $250,000 for appellant Donahue. Appellants could not raise the necessary funds to meet this requirement and therefore petitioned for a reduction. At the bail reduction hearing held on May 31, bail was reduced to $75,000 for both charges. Petitioners did obtain the funds necessary to meet this new amount and eventually were released on bail.

I write separately, however, to stress that even had petitioners been released on bail, the writ should have been issued. Our courts have consistently held that the writ of *habeas corpus* may be used to test the legality of custody. *See Commonwealth ex rel. Bryant v. Hendrick*, 444 Pa. 83, 280 A.2d 110 (1971); *Commonwealth ex rel. Stevens v. Myers*, 419 Pa. 1, 213 A.2d 613 (1965). Our courts have also found that a petitioner bound over for court and released on bail remains in "custody," satisfying the requirements of a *habeas corpus* petition. *Commonwealth ex rel. Paulinski v. Isaac*, 483 Pa. 467, 397 A.2d 760, *cert. denied*, 442 U.S. 918, 99 S.Ct. 2841, 61 L.Ed.2d 286 (1979). Petitioners released on bail are subject to conditions and restrictions which restrain their freedom and which are not shared by the public generally.

However, I note that the grant of a writ of *habeas corpus* will not enable petitioners to evade the serious charges leveled against them. Whether a petitioner is released on bail, or incarcerated, the granting of the writ allows the petitioner to be discharged from custody, but not from the charges. Thus, discharge by means of the writ is "not a final determination, such as an acquittal, and only entitles the accused to his liberty for the present, leaving him subject to rearrest." *Commonwealth v. Hetherington*, 460 Pa. 17, 22, 331 A.2d 205, 208 (1975); *see also Commonwealth v. Krall*, 452 Pa. 215, 304 A.2d 488 (1973); 39 Am.Jur.2d § 161.