548 A.2d 260

COMMONWEALTH of Pennsylvania

v.

Richard Robert REEVES, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 11, 1988.

Filed Aug. 15, 1988.

Reargument Denied Oct. 6, 1988.

Mark L. Newman, Assistant Public Defender, Strouds-burg, for appellant.

Jane Roach, Assistant District Attorney, Allentown, for Com., appellee.

Before KELLY, HOFFMAN and HESTER, JJ.

HESTER, Judge:

On July 10, 1986, a jury convicted appellant, Richard Reeves, and three co-defendants of possession of a controlled substance and conspiracy to possess a controlled substance with intent to deliver. The verdict culminated a two-year investigation by Pennsylvania State Police into drug trafficking in northeastern Pennsylvania. During their investigation, police utilized court-ordered pen registers [1] and wiretaps of the telephone lines of two of appellant's co-defendants and several other suspected drug dealers.

Following the denial of post-trial motions, the court sentenced appellant on August 11, 1987, to two concurrent two-to-four year terms of imprisonment and the payment of fines and costs. This appeal followed. We affirm.

Appellant first argues that the Commonwealth failed to try him within one hundred eighty days as required by Pa.R.Crim.P. 1100, and that this violation of Rule 1100 requires the charges against appellant to be dismissed. Police filed a complaint against appellant on March 24, 1985;

---

1. A pen register records outgoing numbers dialed on a telephone line but does not monitor the contents of any communication or record the origin of any incoming communication. 18 Pa.C.S. § 5702.

trial commenced on July 7, 1986, four hundred seventy days later. In the interim, the Commonwealth had filed a petition for extension on October 28, 1985. Appellant argues that during the time between the filing of the complaint and the Commonwealth's petition to extend the rundate, only sixteen days, resulting from defense counsel's petition for an extension to file an omnibus pretrial motion, may be charged against appellant. Thus, appellant argues, the Commonwealth's petition to extend the rundate was untimely.

We agree with the trial court that the numerous pretrial motions filed by appellant and his co-defendants, which in turn triggered extensions within which to file various pretrial motions, and continuances granted to address pending discovery, delayed appellant's trial. The trial court stated:

In the present case, the Commonwealth filed its extension petition 218 days after the complaint was filed. Sixteen days are chargeable to Defendant for his granted petition for extension to file Omnibus Pretrial Motions. An additional 85 days expired from the time Defendant filed his Omnibus Pretrial Motions on August 8, 1985, until October 28, 1985, when the Commonwealth filed an extension petition. *See Commonwealth v. Ludwig*, No. 791 Criminal 1984, slip op., p. 11 (Monroe County, 1985) (omnibus motions may be viewed as an implicit request for a continuance which is excludable under Rule 1100). Thus, there is a net total of 101 days of the 218 chargeable to the Defendant, leaving the Commonwealth with 63 days in which to file for an extension.

Opinion in support of denial of post-trial motions, 6/18/87, at 5, 6. *See also Commonwealth v. Mason*, 358 Pa.Super. 562, 518 A.2d 282 (1986) (delay in commencement of defendants' trial resulted from filing of their pretrial motion to quash indictments; such delay was not judicial, but due to defendants' unavailability); *accord Commonwealth v. Bond*, 350 Pa.Super 341, 504 A.2d 869 (1986) (Spaeth, P.J., concurring) (implicit in defendant's pretrial motion was request that she not be tried until court ruled on motion,

which thus amounted to a continuance); *id.* (Wieand, J., concurring) (defendant's pretrial motion rendered her unavailable for trial).

■ Any delay caused by the unavailability of a defendant is excluded from computation of the Rule 1100 period. *Commonwealth v. Colon,* 317 Pa.Super. 412, 464 A.2d 388 (1983). "The key inquiry is not the period of a defendant's unavailability, but the period of delay caused by that unavailability." *Commonwealth v. Armstead,* 359 Pa.Super. 88, 91, 518 A.2d 579, 581 (1986).

■ The chronology of the pretrial activity herein is complicated. Appellant filed an omnibus pretrial motion on August 5, 1985, after first receiving an extension of time until June 26, 1985, an additional omnibus pretrial motion on February 19, 1986, more than nine months after arraignment, and an amended omnibus pretrial motion on June 10, 1986, nearly two years after arraignment. There were issues concerning suppression of evidence, motions for discovery and consolidation, extensions of the period of discovery, briefing opportunities requested, multiple defendants involved and complex issues in controversy. On July 7, 1986, merely five days after the court issued its order and opinion disposing of the pretrial motions, the Commonwealth called the case for trial.

This case is similar to *Commonwealth v. Atkinson,* 364 Pa.Super. 384, 528 A.2d 210 (1987), wherein we held that trial could not have begun within one hundred eighty days due to the duplicity and complexity of pretrial motions filed by the defendant, and their attendant lengthy conferences and proceedings.

Accordingly, we find the trial court properly exercised its discretion, *id.,* and reject appellant's argument.[2]

2. Appellant, in a conclusory manner, states that all delays in this case resulted from the Commonwealth's failure to provide mandatory discovery. However, this allegation is unsubstantiated; appellant fails to support this claim with evidence of record. In fact, he fails to make an adequate argument to enable this court to address his claim. In the absence of any reference to the presentation and disposition of this allegation by the trial court, we decline to address the claim.

Appellant next argues that the Commonwealth lacked probable cause to obtain the court-ordered wiretaps. In the alternative, he asserts that probable cause was the product of prior illegally obtained evidence. Again, we disagree with appellant and affirm the trial court's rejection of this issue.

In *Commonwealth v. Doty*, 345 Pa.Super. 374, 498 A.2d 870 (1985), this court considered the applicable standards in determining the existence of probable cause supporting an application for an order authorizing a wiretap.

An application for an order authorizing interceptions of telephone communications must contain, *inter alia*, the identity of the person, if known, committing the offense under investigation and whose communications are to be intercepted. It must also contain details about particular offenses, the type of communications to be intercepted, and must show that there is probable cause to believe that pertinent communications will be transmitted on the facility under surveillance. 18 Pa.C.S. § 5709(3). The standard for determining whether probable cause existed [for a wiretap or a pen register] is the same as that used to determine cause for search warrants. *See: United States v. Talbert*, 706 F.2d 464, 467 (4th Cir.1983); *United States v. Falcone*, 505 F.2d 478, 481 (3d Cir.1974), *cert. denied*, 420 U.S. 955, 95 S.Ct. 1338, 43 L.Ed.2d 432 (1975). The facts contained in the affidavit for a search warrant must be such that an independent, issuing authority, exercising reasonable caution, can conclude that the items sought are connected with criminal activity and that they will be found in the place to be searched. *Commonwealth v. Council*, 491 Pa. 434, 443, 421 A.2d 623, 627 (1980); *Commonwealth v. Ryan*, 300 Pa.Super. 156, 167, 446 A.2d 277, 283 (1982). Similarly, in an application for a wiretap, the Commonwealth must establish probable cause to believe that (1) a person has or is about to commit one of the offenses enumerated in the statute, (2) that communications relating to that offense will be

transmitted, and (3) that such communications will be interrupted on the facility under surveillance.

*Id.*, 345 Pa.Superior Ct. at 397–98, 498 A.2d at 881–82.

■ Pennsylvania State Trooper Thomas Bachman, the affiant on the applications for wiretaps and pen registers, Notes of Testimony (N.T.), 5/20/86, at 12, had been a state policeman for seventeen years, and possessed expertise in investigating narcotics and vice related crimes as well as the use of electronic investigatory equipment. He set forth facts, corroborated by information obtained by FBI agents from confidential informants, N.T., 4/18/86, at 212, which the issuing authority found sufficient to constitute probable cause for granting the pen registers and wiretaps. It is unnecessary to recite those facts in this opinion. *Commonwealth v. Leta*, 346 Pa.Super. 552, 500 A.2d 85 (1985), petition for allowance of appeal of appellant Baldassari denied, 514 Pa. 645, 524 A.2d 492 (1987), petition for allowance of appeal of appellant Leta granted, 514 Pa. 646, 524 A.2d 493 (1987). The facts have been recited in the opinion denying post-verdict motions and the thorough opinion of the suppression court, filed July 2, 1986. Those facts, based upon our review of the notes of testimony, the record and the trial court's opinions, demonstrate that probable cause existed for granting utilization of wiretaps and pen registers.

■ Appellant also complains that Trooper Bachman obtained information from other state policemen, Troopers Saleski and Troupe. As we stated in *Commonwealth v. Leta, supra,* "It is proper for an affiant to rely upon information provided by other law enforcement officers." *Id.*, 346 Pa.Super. at 558 n. 5, 500 A.2d at 88 n. 5.

■ Appellant argues that the "Commonwealth has failed to explain what minimization techniques were used...." Appellant's brief at 5. Every order authorizing a wiretap must contain a requirement that the interception be conducted so as to minimize the interception of communications not subject to seizure. 18 Pa.C.S. § 5712(b). In

*Commonwealth v. Doty, supra,* this court stated, "The purpose of minimization is to reduce the scope of an intrusion while at the same time allowing legitimate law enforcement aims to be pursued." *Id.,* 345 Pa.Super. at 399, 498 A.2d at 882. We also stated that minimization must be a question of what is practical and reasonable under the circumstances of each case, including an evaluation of the following circumstances: the nature of the investigation, the length of the calls, the percentage of pertinent calls, whether calls between the same parties are repeated, whether the contents of calls are ambiguous, whether coded language is used and whether patterns develop during the surveillance. *Id.*

The order issued by Judge Tamilia of this court confined the time of interception to twenty days and directed that it terminate as soon as practicable. Regarding appellant's argument concerning minimization, the suppression court stated, and we endorse:

> The affidavit of probable cause reveals a wide spread conspiracy to distribute methamphetamine in large quantities in the Philadelphia area, the Pocono region extending into Luzerne and Wyoming Counties. The scope of criminal activity was extensive. It involved the criminal activities of a substantial number of people.... It shows extensive criminal activity in the sale and distribution of methamphetamine over a substantial area of the Pocono region by people who have been arrested, convicted and sentenced for drug violations.

> The pen register records show an abnormal use of the telephones. Many calls between the same persons, all known drug dealers, in a single day. These records show clearly that the telephones were not for normal use primarily but the conduits between the drug dealers to accomplish their objectives to sell illegal drugs, particularly methamphetamine.

> The police in terminating the wiretapping within the time period fixed by the Court and not seeking an exten-

sion of said time period, both satisfied the requirement of the Court as well as the statutory minimization provisions.

The record shows that the police made a conscious effort to minimize the intrusion into the privacy of the Defendants' telephone conversations. They intercepted only pertinent calls, calls which identified the conspirators, informed them of the nature of the criminal activity planned and the time and place it was to occur. They did not intercept general calls. A supervisor was present at the listening post at all times and any grey area was discussed by telephone with the District Attorney.

The District Attorney approved the minimization plan, monitored it personally by repeated visits to the listening post. The District Attorney also approved the names and identification of the police officers used in monitoring the telephone calls. Only pertinent calls were intercepted and transcribed.

The evidence shows that the District Attorney properly supervised the wiretapping. It further shows that the police avoided any unreasonable intrusion into the privacy of the Defendants' telephone conversations.

Suppression court opinion at 12–14. *See also* N.T., 4/17/86, at 179–84.

Based upon our review of the record, the notes of testimony, the opinions of the trial court and the pertinent law, we conclude that probable cause existed for the issuance of the court-ordered wiretaps.

■ Appellant next argues that the failure to provide appellant with a preliminary hearing within three to seven days of arraignment requires dismissal of the charges against him. We disagree.

Appellant, arrested and arraigned March 24, 1985, had his preliminary hearing on April 29, 1985. The hearing, originally scheduled for March 27, 1985, was continued at the

request of the Commonwealth until April 17, 1985, and continued again until April 29, 1985. Appellant alleges a violation of Pa.R.Crim.P. 140(d), which provides, in pertinent part:

> (d) Unless the preliminary hearing is waived by a defendant who is represented by counsel, the issuing authority shall:
>
> > (1) fix a day and hour for a preliminary hearing which shall not be less than three nor more than ten days after preliminary arraignment unless extended for cause shown, unless the issuing authority fixes an earlier date upon request of the defendant or his attorney with the consent of the complainant and the attorney for the Commonwealth;

He argues that the failure to hold the preliminary hearing within the time period fixed by Rule 140(d) requires the charges against him to be dismissed.

In support of his claim, appellant cites *Commonwealth v. Wansley,* 248 Pa.Super. 234, 375 A.2d 73 (1977), and *Commonwealth v. Donahue,* 357 Pa.Super. 503, 516 A.2d 373 (1986). However, neither *Wansley* nor *Donahue* are applicable to the instant case. In *Wansley,* the defendant filed a petition for a writ of habeas corpus seventeen days before the date to which his preliminary hearing was rescheduled. In *Donahue,*[3] the defendants filed habeas corpus petitions on April 22, 1985, seven days before the rescheduled preliminary hearing. In contrast, appellant Reeves failed to allege any defect before or at the preliminary hearing. It appears that appellant first raised the issue in his additional omnibus pretrial motion filed February 19, 1986, which was nearly ten months after the preliminary hearing was held.

We are guided by the remedial rule contained in Chapter 100 of the Rules of Criminal Procedure, Rule 150, and this court's consideration of that rule's applicability to Pa.R.

---

**3.** Kevin Donahue and Susan Kitchener, the appellants in *Commonwealth v. Donahue, supra,* were original co-defendants with appellant Reeves.

Crim.P. 130 in *Commonwealth v. Schimelfenig*, 361 Pa.Super. 325, 522 A.2d 605 (1987). Pa.R.Crim.P. 150 provides, in pertinent part:

> A defendant shall not be discharged nor shall a case be dismissed because of a ... defect in the procedures of this Chapter, unless the defendant raises the defect before the conclusion of the preliminary hearing and the defect is prejudicial to the rights of the defendant.

We concluded in *Schimelfenig* that fourteen of the fifteen defendants had waived their claim of delay by failing to preserve the Rule 130 argument before the conclusion of the preliminary hearing.

Similarly, appellant Reeves, unlike the defendants in *Commonwealth v. Donahue, supra,* and *Commonwealth v. Wansley, supra,* failed to timely raise the alleged violation of Pa.R.Crim.P. 140(d).

We are mindful of our supreme court's admonition in *Commonwealth v. Revtai*, 516 Pa. 53, 532 A.2d 1 (1987), in addressing the applicability of Rule 150 to other rules enumerated in Chapter 100 of the Rules of Criminal Procedure, that

> [t]he time limits established in our Rules *do* require strict compliance, and when such compliance does not exist a defect in procedure has occurred. That defect however then triggers the *separate and distinct* analysis as to what is the proper remedy. As we have previously indicated, when a defect occurs under Chapter 100 the remedy is explicitly provided in Rule 150.

*Id.*, 516 Pa. at 71–72, 532 A.2d at 10 (emphasis in original).

Discharge, appellant's requested remedy, in light of the untimely nature of his request, may not be granted. Accordingly, we reject his argument that the charges against him must be dismissed.

■ The final two issues presented for our review are whether the trial court erred in admitting wiretap number

one, and whether the suppression court erred in granting the Commonwealth's petition to consolidate. These issues, although stated in appellant's post-verdict motions, were not argued in the brief filed in support of those motions, and were not addressed by the trial court in its opinion in support of the denial of post-verdict motions. Further, appellant has not provided a transcript containing the arguments to the court relating to post-verdict motions,[4] nor has he alleged that he argued these two issues to the trial court. The Pennsylvania Supreme Court has made it "abundantly clear" that only issues "which are raised in a post-trial motion in accordance with [Pa.R.Crim.P.] 1123, *and briefed or argued before the court hearing the motion,* will be considered preserved for appellate review." *Commonwealth v. Manigault,* 501 Pa. 506, 509, 462 A.2d 239, 241 (1983) (emphasis added). *See also Commonwealth v. Gordon,* 364 Pa.Super. 521, 528 A.2d 631 (1987) (issue not included in brief filed with post-trial motions indicates defendant has abandoned claim and waived contention for purpose of appeal); *Commonwealth v. Dougherty,* 351 Pa.Super. 603, 506 A.2d 936 (1986) (issues neither orally argued nor briefed are abandoned); *Commonwealth v. Hassine,* 340 Pa.Super. 318, 490 A.2d 438 (1985) (issues raised in post-verdict motions but not briefed or argued to trial court, nor addressed by trial court, are waived.)

This court has stated:

The doctrine of waiver is now a critical procedural mechanism that fosters meaningful appellate review.... [T]he necessity of raising a specific objection at each and every stage of a proceeding is of paramount importance.... Without the stringent application of the waiver doctrine,

[a]ppellate court consideration of issues not raised in the trial court results in the trial becoming merely a dress rehearsal. This process removes the professional

---

4. We have been advised by the trial court that a stenographer was not present at the argument on post-verdict motions.

necessity for trial counsel to be prepared to litigate the case fully at trial and to create a record adequate for appellate review.

*Commonwealth v. Burchard,* 349 Pa.Super. 456, 460, 503 A.2d 936 (1986), quoting *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

Accordingly, we hold that these two issues are waived. Judgment of sentence affirmed.

KELLY, J., files a concurring statement.

KELLY, Judge, concurring:

I join in the opinion of the majority. I write separately to note that my joinder in no way indicates agreement with this Court's decision in *Commonwealth v. Beauford,* 327 Pa.Super. 253, 475 A.2d 783 (1984), *appeal dismissed* 508 Pa. 319, 496 A.2d 1143 (1985), which held that a warrant based upon probable cause was required to justify installation of a pen register device.

I am of the opinion that the middle ground analysis recently embraced by our Supreme Court in *Commonwealth v. Tarbert,* 517 Pa. 277, 535 A.2d 1035 (1987) (upholding the constitutionality of systematic drunk driving roadblocks) and *Commonwealth v. Johnston,* 515 Pa. 454, 530 A.2d 74 (1987) (upholding the constitutionality of canine sniff searches based upon reasonable suspicion), would compel different analysis and a different conclusion than that of this Court in *Beauford. Cf. Commonwealth v. Schaeffer,* 370 Pa.Super. 179, 224–269, 536 A.2d 354, 377–400 (1987) (Kelly, J., dissenting) (similar analysis relating to consensual electronic participant monitoring); *Commonwealth v. Leninsky,* 360 Pa.Super. 49, 519 A.2d 984 (1986) (per Kelly, J.) (similar analysis relating to systematic drunk driving roadblocks).