## Commonwealth v. Burton

*Mark S. MIller, assistant district attorney,* for the commonwealth.
*Linda DiCiccio,* for defendant.

OTT, *J.,* June 12, 1990 — Defendant appeals from the imposition of a mandatory sentence following his conviction by a jury on charges of violating The Controlled Substance, Drug, Device and Cosmetic Act.[1]

## PROCEDURAL HISTORY

On December 20, 1989, defendant was convicted by a jury of violating section 13(a)(30) of the Drug Act, relating to the possession of cocaine with intent to deliver it. The charge originated on October 30, 1988, when Norristown Borough police officers obtained a valid search warrant for defendant's

---

1. Act of April 14, 1972, P.L. 233, no. 64, as amended December 4, 1980, P.L. 1093, no. 186, §1, 35 P.S. §780-101 et seq.

automobile and recovered therefrom 103 plastic bags and 137 plastic vials containing in excess of 55 grams of cocaine. The admissibility of this evidence was established at a pretrial suppression hearing. Following the jury's verdict, no post-trial motions were filed. Prior to sentencing, the commonwealth filed notice of its intention to proceed under the mandatory sentencing provisions set forth at 18 Pa.C.S. §7508(a)(3)(ii), regarding possession of between 10 and 100 grams of cocaine.

At the sentencing hearing held April 6, 1990, defendant challenged the propriety of imposing any mandatory sentence. He argued that the commonwealth, by adopting a temporary policy of pursuing mandatory penalties against defendants who proceeded to trial but not against those who tendered open guilty pleas, had engaged in an unconstitutional practice. Despite this assertion, defendant produced no evidence to establish either the existence of such a policy or its unconstitutionality under the circumstances of this case. Following argument, defendant was sentenced to serve a prison term of three to seven years and to pay a fine of $15,000 as mandated by the sentencing statute. Defendant filed a motion to reconsider the sentence which was denied without a hearing. He now appeals to Superior Court.

## ISSUE

Defendant's statement of matters complained of filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) raises a single issue. Did a temporary policy of the Montgomery County District Attorney, to forego pursuit of mandatory drug trafficking sentences against defendants proffering open guilty pleas, violate constitutional law?

## DISCUSSION

During the argument phase of the sentencing hearing, defendant's counsel suggested that to sentence defendant in accordance with the provisions of the mandatory sentencing statute would violate constitutional law. This argument was not related to any specific constitutional provision. Instead, counsel suggested, in general terms, that a temporary policy of the Montgomery County District Attorney's Office imposing a moratorium on the commonwealth's pursuit of mandatory sentences against drug traffickers who tendered open guilty pleas, created an issue of constitutional dimension as to those defendants who elected to go to trial.[2]

We are constrained to note initially that the issue has not been properly raised or preserved. The transcribed notes of testimony from the sentencing hearing do not include the arguments of counsel and hence, at present, the record is silent on the issue. This defect cannot be cured by transcribing the argument. A defendant who insists the government has engaged in a constitutionally infirm prosecution, such as purposeful discrimination or selective prosecution, bears the burden of proving such facts as would establish the defense. *United States v. Schoolcraft,* 879 F.2d 64 (3d Cir. 1989); *United States v. Torquato,* 602 F.2d 564 (3d Cir. 1979), cert. denied, 444 U.S. 941 (1979). Because of the failure to offer testimony on this issue, the very

---

2. This temporary policy or moratorium resulted from the uncertainty surrounding the interpretation and application of the mandatory sentencing provisions as construed by several trial courts. See, e.g., *Commonwealth v. Stidham,* 124 Montg. L. Rep. 321 (1990); *Commonwealth v. Brookins,* 3 D.&C. 4th 648 (1989). This uncertainty was eliminated by Superior Court's decision in *Commonwealth v. Lisboy,* 392 Pa. Super. 411, 573 A.2d 222 (1990).

existence of the policy in question has not been established of record. Moreover, its application, or lack thereof, to the circumstances of this case was never explored. Inasmuch as appellate arguments must be raised and preserved at each critical stage of the proceedings, *Commonwealth v. Reeves,* 378 Pa. Super. 29, 548 A.2d 260 (1988), the failure to establish the necessary record bars appellate consideration.

The argument is no more persuasive on the merits. Because defendant did not specify the constitutional provision allegedly violated, we can only speculate in this regard. Nevertheless, the most likely constitutional argument would involve a claim of selective or vindictive prosecution. Although this defense is usually raised in the context of a government's decision to commence prosecution, or bring the initial charges, *Commonwealth v. Butler,* 367 Pa. Super. 453, 533 A.2d 105 (1987), we suspect defendant would analogize and seek a similar review as regards the government's decision to invoke or not to invoke a mandatory sentencing provision.[3]

A thorough analysis of this area of constitutional law was undertaken by our Superior Court in *Butler, supra* at 460-2, 533 A.2d at 108-9. There, President Judge Cirillo explained:

"In our criminal justice system, prosecutors have broad discretion as to whom to prosecute. *United States v. Goodwin,* 457 U.S. 368, 380, 102 S.Ct.

---

3. 18 Pa.C.S. §7508(b) requires that "reasonable notice of the commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing." Thus, the commonwealth's election not to provide the mandated notice is the equivalent of not invoking the mandatory sentencing legislation. Failing to provide the requisite notice thus affords the trial court greater discretion in determining the appropriate sentence to be imposed.

2485, 2492, 73 L.Ed.2d 74 (1982); *Goodman v. Kennedy,* 459 Pa. 313, 329 A.2d 224 (1974).

"Though the government enjoys wide discretion in making its prosecutorial decisions, that authority is not unfettered. As the Supreme Court has stated: 'Selectivity in the enforcement of criminal law is . . . subject to constitutional constraints.' *United States v. Batchelder,* 442 U.S. 114, 125, 99 S.Ct. 2198, 2205, 60 L.Ed.2d 755 (1979).

"Under the equal protection clause of the Fourteenth Amendment of the United States Constitution, the government must afford similarly situated persons similar treatment. *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501,506, 7 L.Ed.2d 446 (1962). Thus, the government may not prosecute someone based upon race, religion or another unjustifiable classification. *Bordenkircher,* 434 U.S. at 364, 98 S.Ct. at 672. Nor in retaliation for the exercise of protected statutory and constitutional rights. *Goodwin,* 457 U.S. at 372, 102 S.Ct. at 2488, other citations omitted.

"Because it is constitutionally repugnant, selective prosecution constitutes a valid defense to a criminal charge. In order to establish a case of prosecutorial vindictiveness, the defendant must prove that: (1) others who are similarly situated to the defendant are not generally prosecuted for similar conduct; and (2) the defendant has been intentionally and purposefully singled out for prosecution for an invidious reason. *Wayte v. United States,* 470 U.S. 598, 608, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985)."

Defendant apparently suggests that the commonwealth sought to chill his constitutional right to a trial by announcing its intention to invoke mandatory sentencing provisions if a conviction were

obtained. Stated differently, defendant insists that the commonwealth afforded a potential break only to those defendants who were willing to plead guilty. This does not constitute vindictive prosecution. It should be noted that defendants pleading guilty under these circumstances do not necessarily receive less than the applicable mandatory minimum sentence. The actual sentence, pursuant to an open plea, could be less than, equal to, or greater than that mandated by the statute. More importantly, such an arrangement is hardly less coercive or vindictive than the historically approved process of plea bargaining whereby a defendant may appropriately be offered a lesser sentence in exchange for a plea of guilty. *Commonwealth v. Riggins,* 232 Pa. Super. 32, 332 A.2d 521 (1974); *Commonwealth v. Staley,* 229 Pa. Super. 322, 324 A.2d 393 (1974). Finally, we note that the constitutionality of mandatory sentencing legislation generally, is no longer at issue in this commonwealth. *Commonwealth v. Ross,* 391 Pa. Super. 32, 570 A.2d 86 (1990).

Defendant was fairly convicted by a jury of possessing approximately 55 grams of cocaine with the intent to deliver it. This much defendant concedes through his election not to file post-trial motions. Consequently, the sentence imposed was mandated by law and cannot now be challenged. The appeal should be dismissed.