J-S18026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LATIEF YOUNG, | |
| Appellant | No. 1653 EDA 2014 |

Appeal from the Judgment of Sentence entered May 28, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0012238-2012

BEFORE:  BENDER, P.J.E., ALLEN, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MARCH 18, 2015**

Latief Young ("Appellant") appeals from the judgment of sentence imposed after the trial court convicted him of aggravated indecent assault and corrupting the morals of a minor.[1]  We affirm Appellant's convictions but remand for re-sentencing for the reasons discussed below.

The trial court recounted the testimony presented at trial as follows:

> This case involved an incident that occurred in Philadelphia sometime between November 2011 and December 2011.  The victim, [K.C.] a 9 year old child at the time of the incident, testified at trial that on the date of the incident, she was riding home from a Chinese store with her step-father, grandmother, and her step-father's friend, the Appellant.  (N.T., 1/2/14, p. 20).  [The victim] was required to sit in the back seat, on the Appellant's lap, because her step-father's wheelchair occupied the other back seat.  Appellant and [the victim] had not met prior to the day of the incident.  (N.T., 1/2/14, p. 21).

---

[1] 18 Pa.C.S.A. §§ 3125 and 6301, respectively.

[The victim] testified that once she was seated on Appellant's lap, he unbuttoned her pants and "went down in [her] pants and touched [her]". (N.T., 1/2/14, p. 20). [The victim] stated that the Appellant stuck his hand under her underwear and was moving his hand "in between [her] lips". (N.T., 1/2/14, p. 24). Appellant repeatedly asked [the victim] throughout the incident whether she was okay (N.T., 1/2/14, p. 24). [The victim] testified that the Appellant's hand was inside of the lips of her vagina. (N.T., 1/2/14, p. 25). As soon as the Appellant was finished, [the victim] testified that she moved herself on to the front of the car, in between her step-father and grandmother. (N.T., 1/2/14, p. 27). Once in the front seat, [the victim] explained that she zipped up and buttoned her [sic] occurred in the vehicle [sic]. (N.T., 1/2/14, p. 29). Two or three days later, [the victim] told her step-father and mother about what happened. (N.T., 1/2/14, p. 34). Her mother, [], told her father what had happened to [the victim] a few days later. (N.T., 1/2/14, p. 35).

Once school was back in session, [the victim] talked to a school counselor, Ms. Nguyen, about what occurred between the Appellant and her. (N.T., 1/2/14, p. 36). Ms. Nguyen testified that [the victim] visited her office on March 21st, 2012 to discuss the incident in detail. (N.T., 1/2/14, p. 52). [The victim] told Ms. Nguyen that her step-father's friend, the Appellant in this case, "unbuttoned her pants and put his hands inside of her and felt her and then stuck his finger inside of her." (N.T., 1/2/14, p. 54). Ms. Nguyen explained at trial that [the victim] told her that she tried to tap on her step-father's seat, but the music was too loud and he did not hear her. (N.T., 1/2/14, p. 54). According to Ms. Nguyen, she was told by [the victim] that the incident had occurred in a handicapped van and once the incident was over, the Appellant had asked to be let out of the vehicle. (N.T., 1/2/14, p. 57).

[The victim's] mother, [], testified that both [the victim] and [the victim's grandmother], told her about the incident. (N.T., 1/2/14, p. 70). [The victims' mother] testified that although her daughter had made up some stories in the past, she has never lied about anything serious. (N.T., 1/2/14, p. 75). Sometime in February 2012, [the victim's mother] spoke to [], the victim's father about the incident, telling him that the Appellant touched her genitals over her clothes. (N.T., 1/2/14, p. 84. [The victim's father] was told at that time that the incident had been reported to police. (N.T., 1/2/14, p. 84).

When [the victim's father] asked his daughter about the incident, she confirmed the line of events. (N.T., 1/2/14, p. 85).

At trial, the Appellant gave a different account of what happened on the day of the alleged incident. The Appellant stated that on that day, he did in fact ride in a car with the victim, her step-father and her grandmother to a local Chinese store. (N.T., 1/2/14, p. 89). Appellant stated that they were all riding in an "old classic car," which matched the victim's description and testimony at trial. (N.T., 1/2/14, p. 91). According to the Appellant, the victim did sit on his lap, but only because there was nowhere else for her to sit due to the driver's wheelchair. (N.T., 1/2/14, p. 92). The Appellant denied ever inappropriately touching [the victim], stating that he did not unbutton her pants or put his hand down them. (N.T., 1/2/14, p. 89). Appellant stated that he was completely shocked and hurt when he found out he was being accused of the alleged assault. (N.T., 1/2/14, p. 89).

Trial Court Opinion, 9/30/14, at 2-4 (unnumbered).

After hearing the above testimony, the trial court found Appellant guilty of aggravated indecent assault and corrupting the morals of a minor. On May 28, 2014, the trial court sentenced Appellant to a mandatory minimum of ten (10) to twenty (20) years of incarceration. Appellant filed an appeal the next day. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

1. The verdict is against the weight of the evidence because:

a. The evidence was not beyond a reasonable doubt to convict [Appellant] of Aggravated Indecent Assault and Corrupting the Morals of a Minor.

2. The evidence was insufficient to support the verdict because:

a. There was insufficient evidence to convict [Appellant] of Aggravated Indecent Assault and Corrupting the Morals of a Minor.

Appellant's Brief at 3.

In his first issue, Appellant challenges the weight of the evidence. Pennsylvania Rule of Criminal Procedure 607 provides that "[a] claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial" in a written or oral motion before the court prior to sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607(a)(1)-(3). The comment to the rule states "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Pa.R.Crim.P. 607, comment. Failure to challenge the weight of the evidence presented at trial in an oral or written motion prior to sentencing or in a post-sentence motion will result in waiver of the claim. **Commonwealth v. Bryant**, 57 A.3d 191, 196 (Pa. Super. 2012) (citation omitted).

Our review of the record indicates that Appellant did not preserve his weight claim as specified by Pa.R.Crim.P. 607. Consequently, this issue is waived.

In his second issue, Appellant challenges the sufficiency of the evidence. Appellant contests the trial court's credibility determinations, particularly with regard to the victim's testimony, and asserts:

The testimony of the Complainant was so inconsistent with prior statements and other witnesses' testimony that no reasonable

fact finder could believe that her testimony alone could substantiate a Guilty verdict.

Appellant's Brief at 13.

Upon review, we again find waiver.

A concise statement on appeal must be specific enough for the trial court to identify and address the issue the appellant wishes to raise on appeal. *In re A.B.*, 63 A.3d 345, 350 (Pa. Super. 2013). In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). Such specificity is of particular importance in cases where the appellant was convicted of multiple crimes, each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. *Id*. A statement of matters complained of on appeal must be detailed enough so that the trial judge can write an opinion addressing matters complained of on appeal. *Burgoyne v. Pinecrest Community Ass'n*, 924 A.2d 675, 678 n.1 (Pa. Super. 2007).

Here, Appellant not only failed to specify which elements he was challenging in his Rule 1925(b) statement, he also failed to specify which convictions he was challenging. Nowhere in either Appellant's Rule 1925(b) statement or appellate brief does he reference his aggravated indecent

assault and corruption of the morals of a minor convictions. In his concise statement, Appellant simply asserts:

> There were inconsistencies and contradictions in the testimony of the victim at trial, previous testimony at a preliminary hearing, and statements to the authorities that should have raised a reasonable doubt that the incident ever happened.

Appellant's Concise Statement, 2/10/14.

Nonetheless, in the absence of waiver, we could infer, as the trial court did, that Appellant is challenging both of his convictions. Our standard of review in assessing a challenge to the sufficiency of the evidence is established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Hunzer***, 868 A.2d 498, 505 (Pa. Super. 2005) (citation omitted). In addition:

> [T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. ***Commonwealth v. Gooding****,* 818 A.2d 546, 549 (Pa. Super. 2003). "If the factfinder reasonably could have determined from the evidence adduced that all of the necessary elements of the crime were established, then that evidence will be deemed sufficient to support the verdict." ***Commonwealth v. Hopkins****,* 747 A.2d 910, 914 (Pa. Super. 2000) (citation omitted). … We are precluded from reweighing the evidence and substituting our judgment for that of the factfinder. ***Commonwealth v. Chiari****,* 741 A.2d 770, 775 (Pa. Super. 1999).

***Id***. at 506.

Here, the trial court explained its reasoning in support of Appellant's convictions as follows:

> A person is guilty of aggravated indecent assault as a felony of the first degree if he engages in penetration, however slight, of the genitals of a complainant with a part of his body without the complainant's consent, for any purpose other than good faith medical, hygienic or law enforcement procedures. 18 Pa.C.S.A. § 3125(a), (b). If the complainant is less than 13 years old, as the victim was in this case, it is aggravated indecent assault of a child. 18 Pa.C.S.A.§ 3125 (b). Here, the evidence that the Appellant penetrated the victim's vagina and that she was under the age of 13 at the time of the incident is sufficient to prove aggravated indecent assault.
>
> A person is guilty of corrupting the morals of a minor as a misdemeanor of the first degree if he is of the age of 18 years or older and by any act corrupts or tends to corrupt the morals of a minor who is less than 18 years of age. 18 Pa.C.S.A.§ 6301(a)(1)(ii). Here, the evidence that the Appellant subjected the minor to penetration of her vagina and that she was under the age of 18 at the time of the incident is sufficient to prove the Appellant is guilty of corrupting the morals of a minor.

The Appellant's only argument appears to be that a nine year old provided inconsistent statements. Here, the victim [] explained that, while seated on his lap, the Appellant unbuttoned her pants and touched her genitals with his hand. She testified that he then penetrated the outer region of her vagina at the same incident. She told her grandmother, her mother, a school counselor and police officers that the Appellant had penetrated her genitals on the day of the incident. This testimony, which the Court believed to be credible, proves the elements of aggravated indecent assault and corrupting the morals of a minor. Although the victim's testimony includes a few inconsistencies, these discrepancies do not undermine [her] credibility in the Court's view with regard to Appellant's actions against her. The Court found the testimony of the victim was entirely reasonable and credible more so than the testimony of the Appellant. This testimony showed that the Appellant committed the crimes of aggravated indecent assault and corrupting the morals of a minor by unbuttoning her pants and penetrating her genitals.

Viewing the evidence in the light most favorable to the Commonwealth, the inconsistencies in the victim's testimony were immaterial and the elements for both of the crimes were clearly presented regardless of these inconsistencies. The victim, a 9-year-old at the time of the incident, stated at trial that she believed the incident occurred over her summer vacation. While this statement was inconsistent with the actual date of the incident, which was sometime between November and December, the victim knew that she was out of school at the time and that the weather was cold. Both of these factors match the November and December months. According to testimony, Ms. Nguyen was told by the victim that the incident occurred in a handicap van rather than an older vehicle. At trial, the victim and [Appellant] both confirmed that the incident occurred in an old style car, not a handicapped van. While it is understandable that a 9-year-old, after experiencing a traumatic incident, may forget or confuse minor details of an event, it is important that the major components to the crime are not forgotten. The victim's testimony was consistent in this regard. She stated to her grandmother, her mother, school officials, and police officers that the Appellant penetrated her vagina on the date of the incident. Each time she spoke with someone she stated that the Appellant was the one who committed this act. The inconsistencies in the victim's statements do not affect her

- 8 -

credibility, and as a result, her testimony corroborated each element of the crimes committed by the Appellant.

Trial Court Opinion, 9/30/14, at 4-7 (unnumbered).

Our review of the notes of testimony confirms that, in the absence of waiver, the record supports the trial court's verdicts. We therefore affirm Appellant's convictions. However, because the mandatory minimum sentence which the trial court applied pursuant to 42 Pa.C.S.A. § 9718(a)(3) (mandatory sentences for offenses against infant persons) has been held to be unconstitutional, we remand this case to the trial court for re-sentencing.[2] **See Commonwealth v. Wolfe, supra** (concluding that § 9718 is facially unconstitutional); **Commonwealth v. Newman**, 93 A.3d 86 (Pa. Super. 2014) (*en banc*) (applying **Alleyne v. United States,** 133 S.Ct. 2151 (2013) and its progeny retroactively); **Commonwealth v**. **Munday**, 78 A.3d 661 (Pa. Super. 2013) (after non-jury trial, when a mandatory minimum sentence is imposed based upon judicial fact-finding of a sentencing factor, such finding must be proven beyond a reasonable doubt). Here, sentencing occurred on May 28, 2014, prior to our express finding on December 24, 2014 in **Wolfe** that § 9718 is unconstitutional. The trial court

---

[2] Although Appellant has not raised this issue, "we are empowered, if not compelled", to address it *sua sponte*. **Commonwealth v. Donahue**, 516 A.2d 373, 374 (Pa. Super. 1986)(citation omitted); **see also Commonwealth v. Wolfe**, --- A.3d ----, 2014 WL 7331915, Pa.Super.,2014 (a challenge to the legality of a sentence can never be waived and may be raised by the reviewing court *sua sponte*).

observed, "And the guidelines would be 72 to 90 plus or minus 12, but there is a ten-to-20 year mandatory that applies." N.T., 5/28/14, at 7. Nonetheless, given the retroactivity ruling in **Newman**, we are constrained to remand for re-sentencing.

Convictions affirmed. Judgment of sentence vacated and remanded for re-sentencing without the application of the mandatory minimum prescribed in 42 Pa.C.S.A. § 9718. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2015