J-S04027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NOEL CALA LELIEBRE, | |
| Appellant | No. 904 MDA 2014 |

Appeal from the Judgment of Sentence entered March 21, 2014,
in the Court of Common Pleas of Luzerne County,
Criminal Division, at No(s): CP-40-CR-0000050-2011

BEFORE:  BOWES, ALLEN, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MARCH 26, 2015**

Noel Cala Laliebre, ("Appellant"), appeals from the judgment of sentence imposed after a jury convicted him of possession with intent to deliver a controlled substance, possession of a controlled substance, and possession of drug paraphernalia.[1]  We affirm Appellant's convictions but remand for re-sentencing for the reasons discussed below.

The charges against Appellant arose after a confidential informant reported to Detective Darryl Ledger of the Hazleton City Police Department that a Hispanic male known as "Noel" who lived at 583 Carson Street in Hazleton, Pennsylvania, was selling large amounts of heroin.  Affidavit of

---

[1] 35 P.S. § 780-113(a)(30), (a)(16) and (a)(32).

*Retired Senior Judge assigned to the Superior Court.

Probable Case, 11/10/10. Detective Ledger arranged for the confidential informant to make two controlled purchases of heroin from Appellant's residence, resulting in Appellant's arrest. *Id*. A search of Appellant's residence yielded a large amount of unpackaged heroin and 75 baggies of heroin packaged for sale. *Id*.

The trial court summarized the procedural history as follows:

On February 17, 2011, an information was filed charging [Appellant] with [the aforementioned crimes].

***

[Appellant] filed a Motion to Suppress Evidence and Supplemental Motion to Suppress Evidence. Both Motions were heard by [the Honorable Tina Polachek Gartley] and were denied in an Order dated June 28, 2012. Shortly after this case was reassigned for trial, [the Honorable Michael T. Vough] received a Motion to Dismiss Pursuant to Rule 600 [filed on January 6, 2014]. This Motion was denied on January 21, 2014 and the case proceeded to trial. On January 23, 2014, the jury found [Appellant] guilty ...

Sentencing took place on March 21, 2014, and [Appellant] received 36 to 120 months on Count 1, possession with intent to deliver, which was the mandatory minimum pursuant to 18 Pa.C.S.A. Section 7508(a)(7)(ii). Count 2, possession of a controlled substance, merged. One year probation concurrent to Count 1 was imposed on Count 3, possession of drug paraphernalia.

[Appellant] appealed on April 1, 2014 and his Statement of Matters Complained of on Appeal was filed on April 23, 2014.

Trial Court Opinion, 5/28/14, at 1-2 (unnumbered).

Appellant presents the following issues for our review:

I. Whether the charges against Appellant should have been dismissed pursuant to Pa.R.C.P. 600.

II. Whether the Trial Court erred in dismissing Appellant's Motion to Suppress Evidence.

Appellant's Brief at 1.

In his first issue, Appellant argues that the trial court erred in denying his motion to dismiss the charges against him pursuant to Pa.R.Crim.P. 600. Rule 600 was designed "to prevent unnecessary prosecutorial delay in bringing a defendant to trial." *Commonwealth v. Brock*, 61 A.3d 1015, 1021 (Pa. 2013). "In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." *Commonwealth v. Hunt*, 858 A.2d 1234, 1238 (Pa. Super. 2004) (*en banc*), *appeal denied*, 875 A.2d 1073 (Pa. 2005) (citations and internal quotations omitted). "The proper scope of review … is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party." *Id*. at 1238-39 (internal citations and quotation marks omitted). Importantly, a court will grant a motion to dismiss on Rule 600 grounds only if a defendant has a valid Rule 600 claim at the time the motion is filed. *Id*. at 1243.

Rule 600 provides, in pertinent part:

(A) Commencement of Trial; Time for Trial

(1)  For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2)  Trial shall commence within the following time periods.

(a)  Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\*\*\*

(C) Computation of Time

(1)  For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence.  Any other periods of delay shall be excluded from the computation.

The Comments to Rule 600(C)(1) explain that "[w]hen the defendant or the defense has been instrumental in causing the delay, the period of delay will be excluded from computation of time."  **See** Pa.R.Crim.P. 600 *comment*.  The comments cite as an example of excludable delay caused by the defendant "such period of delay at any stage of the proceedings as results from ... the defendant's attorney or any continuance granted at the request of the defendant or the defendant's attorney."  **Id**.

In the present case, Rule 600 required the Commonwealth to bring Appellant to trial within 365 days of the filing of the criminal complaint.  **See** Pa.R.Crim.P., Rule 600(A)(2)(a).  The complaint was filed on November 24,

2010, and the mechanical run date was November 24, 2011 — 365 days after the complaint against Appellant was filed. *See* Pa.R.Crim.P. 600(A)(3). Appellant's trial did not commence until January 22, 2014, which was well after the expiration of the 365-day period.

Appellant in his brief does not dispute any of the delay in the commencement of trial, except for the continuances requested by his trial counsel on May 20, 2013, June 10, 2013, and September 9, 2013. Appellant's Brief at 6-7. Appellant argues that although his counsel requested the continuances, he was not notified of the continuances and did not consent to them. Accordingly, Appellant argues that delay caused by those continuances should not be attributed to him, and he is therefore entitled to Rule 600 relief. *Id*.

As previously explained, the comments to Rule 600(C)(1) make clear that in determining the period for commencement of trial, any continuance granted at the request of the defendant or the defendant's attorney is considered excludable. Therefore, the continuances requested by Appellant's counsel, here, are properly excluded from the Rule 600 calculation. Moreover, Appellant's claim that trial counsel acted without his authorization when he requested continuances on May 20, 2013, June 10, 2013, and September 9, 2013 constitutes, in essence, a claim that his trial counsel's stewardship of his case was ineffective. In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior

holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-46. **Holmes**, 79 A.3d at 576. The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in the instant case. **Id.** at 577-78 (holding that the trial court may address claim(s) of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review"). Accordingly, Appellant must raise his ineffectiveness claim alleging that trial counsel filed continuances without his consent in a PCRA petition.

In his second issue, Appellant argues that the trial court erred in denying his suppression motion. In reviewing Appellant's challenge to the denial of his suppression motion, we recognize:

> Our standard of review of a denial of suppression is whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error. Our scope of review is limited; we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

***Commonwealth v. Reppert***, 814 A.2d 1196, 1200 (Pa. Super. 2002) (citations omitted). "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." ***Commonwealth v. Elmobdy***, 823 A.2d 180, 183 (Pa. Super. 2003) (citations omitted). However, the suppression court's conclusions of law, which are not binding on an appellate court, are subject to plenary review. ***Commonwealth v. Johnson***, 969 A.2d 565, 567 (Pa. Super. 2009) (citations omitted).

Appellant claims that the search warrant for his residence should have been dismissed for lack of probable cause because the Commonwealth was unable to corroborate the information provided by the confidential informant regarding sales of heroin from Appellant's residence. Appellant's Brief at 8-11. Specifically, Appellant argues that the confidential informant was unreliable, had not previously worked with the Hazleton police, and was a drug user with a criminal record. ***Id***.

Preliminarily, we note that the certified record on appeal does not contain the search warrant and affidavit of probable cause. "It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal", and "without these

documents, we are in no position to review the conclusion reached by the trial court." ***Commonwealth v. Walker***, 874 A.2d 667, 677 (Pa. Super. 2005) (finding waiver where defendant challenged the propriety of the authorization of a search warrant but failed to include in the certified record the warrant and affidavit of probable cause).

Even absent waiver, the trial court, in its order denying suppression explained that the information obtained from the confidential informant regarding sales of heroin from Appellant's residence was independently corroborated by two separate controlled purchases of heroin, which provided the Hazleton police with the requisite probable cause for the issuance of a search warrant of Appellant's residence. Trial Court Order, 6/28/12, at 1. Accordingly, Appellant's claim that the search warrant was unsupported by probable cause lacks merit. ***See Commonwealth v. Dean***, 693 A.2d 1360 (Pa. Super. 1997) (where informant told police that the defendant was selling drugs from his home and in response the police conducted a controlled buy which corroborated the initial information, a magistrate could have concluded by a fair probability that drug selling was taking place at appellant's residence to support issuance of a search warrant) ***citing Commonwealth v. Baker***, 532 615 A.2d 23 (Pa. 1992) (facts sufficient to establish probable cause for issuance of search warrant where informant's information implicating defendant as seller was corroborated by police officer's first-hand observations when he gave informant money to purchase

cocaine and saw informant enter residence and return from residence with cocaine); **Commonwealth v. Luton**, 672 A.2d 819 (Pa. Super. 1996) (police-conducted "controlled buy" sufficiently corroborated neighbors' observations alleging drug operations from defendant's home).

However, because the mandatory minimum sentence which the trial court applied at Count 1 (possession with intent to deliver), pursuant to 18 Pa.C.S.A. Section 7508(a)(7)(ii) has been held to be unconstitutional, we remand this case to the trial court for re-sentencing.[2] **Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014) (concluding that § 7508 is facially unconstitutional); **Commonwealth v. Vargas**, --- A.3d ----, 2014 WL 7447678 (Pa. Super. 2014); **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (applying **Alleyne v. United States**, 133 S.Ct. 2151 (2013) and its progeny retroactively); Here, sentencing occurred on March 21, 2014, prior to our express finding on November 21, 2014 in **Fennel** that § 7508 is unconstitutional.  Therefore, given the retroactivity ruling in **Newman**, we are constrained to remand for re-sentencing.

---

[2] Although Appellant has not raised this issue, "we are empowered, if not compelled", to address it *sua sponte*. **Commonwealth v. Donahue**, 516 A.2d 373, 374 (Pa. Super. 1986)(citation omitted); **see also Commonwealth v. Wolfe**, --- A.3d ----, 2014 WL 7331915, Pa.Super.,2014 (a challenge to the legality of a sentence can never be waived and may be raised by the reviewing court *sua sponte*).

Convictions affirmed. Judgment of sentence vacated and remanded for re-sentencing without the application of the mandatory minimum prescribed in 42 Pa.C.S.A. § 9718. Jurisdiction relinquished.

Judge Strassburger joins in the Memorandum.

Judge Bowes files a Concurring Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/2015